268 P.2d 671

JUDD v. RINELLI et al.

No. 8066.

Supreme Court of Idaho.

March 24, 1954.

Dunlap & Dunlap, Caldwell, Ryan & Ryan, Weiser, for appellant.

E. B. Smith, Wm. M. Smith, Boise, for respondents.

KEETON, Justice.

On October 2, 1950, while in the employ of respondent employers, DeMont Judd suffered an injury in covered employment. He was treated for his injuries and "Physician's Final Report" dated October 18, 1950, was filed with the Industrial Accident Board. The report stated that the employee had suffered no permanent injuries and lost no time. Doctor bill for medical services was paid by respondent surety. Thereafter on November 2, 1950, Judd filed with the Board notice of injury and claim for compensation. This claim does not assert any lost time, but does describe the injuries received. On November 18, 1950, Judd died. No notice of the death or claim for compensation because of the death was ever filed by the present claimant widow of the deceased, or anyone else on her behalf. On May 9, 1952, appellant filed with the Board an application for hearing, alleging that Judd's death was the result of the injury received on October 2, 1950.

Respondents, among other defenses, alleged in bar that no claim for compensation because of the death had been made within one year after the death occurred, or at all, and that the claim was barred by the provisions of Section 72–402 I.C., and for which reasons respondents moved that the proceeding be dismissed. Respondents contend that no claim having been filed, no proceeding can be maintained under the Workmen's Compensation law for death benefits, and that the death was not the result of the accident and injury complained of.

The Board reserved its ruling on the motion to dismiss, heard the testimony and found that no claim for compensation was filed on or after the date of Judd's death by appellant or any person on her behalf, within one year after November 18, 1950, or any other time, to and including the time of the hearing (November, 1952); that no compensation had been paid because of the death; that the bar of the statute of limitations had not been waived. In its order the Board denied compensation for death benefits and dismissed the application for hearing. From the ruling this appeal is prosecuted.

Appellant contends that the filing of the notice of injury and claim by deceased prior to his death for compensation for the injuries growing out of the accident complained of is a compliance with Section 72–402 I.C., and that no notice of death or claim for death benefits need be filed by a widow or dependents when the deceased prior to his death had filed a claim for disability, and states the proposition in assignment of errors as follows:

"Where a timely claim is made and filed by an injured employee and said employee dies within two years of the date of the accident causing such in-

jury, no further claim for compensation payable to his widow by reason of his death need be made and filed by said widow."

Section 72–402 I.C. provides as follows:

"No proceedings under this act for compensation for any injury shall be maintained unless a notice of the accident shall have been given to the employer as soon as practicable but not later than sixty days after the happening thereof, and unless a claim for compensation with respect to such injury shall have been made within one year after the date of the accident; or, in the case of death, then within one year after such death, whether or not a claim had been made by the employee himself for compensation. Such notice and such claim may be made by any person claiming to be entitled to compensation or by some one in his behalf. * * *"

■ Claim for compensation made by the injured employee, or in case of his death by his dependents entitled to compensation, are separate and distinct claims. The claim for compensation by the injured employee for partial permanent disability, or lost time, suffered by him is one claim, and accrues when the injury occurs. The claim for compensation because of the death does not arise or become fixed until the death occurs. The right to death benefits differs from the right of the employee to compensation in that the employee's right arises out of the injury received in the course of employment, while death benefits arise out of the death of the employee as the result of a compensable injury. Schneider Workmen's Compensation Text, Vol. 1, page 1, Sec. 1900; Peterson v. Federal Mining & Smelting Co., 67 Idaho 111, 170 P.2d 611; Brown v. St. Joseph Lead Co., 60 Idaho 49, 87 P.2d 1000; In re Nixon, 60 Idaho 64, 87 P.2d 1007. After the death the dependent claimant has one year in which to file a claim. Section 72–402 I.C., In re Nixon, supra; 58 Am.Jur. 827, Sec. 375. None was ever filed in this case.

■ One of the reasons for the requirement as to the notice of the death is to give the employer an opportunity to make an investigation while the facts are accessible. When an injured employee dies as a result of the injuries, a right then arises in favor of such employee's dependents, not before. Peterson v. Federal Mining & Smelting Co., supra; Curtis v. Slater Const. Co., 202 Mich. 673, 168 N.W. 958.

The dependents' right to death benefits is an independent right derived from the statute and is separate from the right of the deceased during his lifetime.

■ It follows that no claim for death benefits having ever been made, within one year or at all, the Board has no jurisdiction to entertain the application for hearing. Under the facts presented, there was nothing to hear. The proceedings here at-

tempted would be analogous to a person coming into court asking for a judgment without ever having filed a complaint.

No payment by the employer or the surety because of the alleged death was ever made to the claimant, and there was no waiver of the statute of limitations as contended by appellant.

 Prior to deceased Judd's present injury, while in the employ of appellant employer, he had formerly suffered an injury which occurred on January 16, 1950, and had filed a claim for compensation. This claim was settled on May 2, 1952, with the administratrix of the deceased's estate by agreement. The agreement of settlement of the former injury contains the following notation:

"This agreement has nothing to do with Compensation claimed by reason of a subsequent injury received by the said DeMont Judd, resulting in his death, in accordance with claim filed before the Industrial Accident Board of the State of Idaho."

Appellant contends that this stipulation in another and separate claim is an acknowledgment that a claim had been filed with the Board.

In view of the fact that no claim was ever filed for compensation because of the death, the construction contended for by appellant can not be upheld.

In this proceeding the Board did not find that Judd's death was the result of the accident. Appellant contends that findings should have been made covering this issue. Such a finding if made would have been surplusage, and would have determined a matter wholly unnecessary to a decision. We find no error. The order appealed from is affirmed. Costs to respondents.

PORTER, C. J., and GIVENS, TAYLOR and THOMAS, JJ., concur.