330 P.2d 325

Wilbert **ATWOOD** and Muriel D. Atwood, husband and wife, Claimants-Appellants,

v.

**STATE OF IDAHO DEPARTMENT OF AGRICULTURE,** Employer-Respondent, and

State Insurance Fund, Surety-Respondent.

No. 8659.

Supreme Court of Idaho.

Sept. 30, 1958.

Black, Black & Oliver, Pocatello, for appellants.

Graydon W. Smith, Atty. Gen., Wm. B. Taylor, Asst. Atty. Gen., for respondents.

PORTER, Justice.

On January 20, 1956, one John R. Atwood was killed in an accident arising out of and in the course of his employment by the State of Idaho, Department of Agriculture. The deceased left surviving him neither dependent widow nor minor children. An unsigned Notice of Injury and Claim of Compensation on behalf of the employee, with the report of the employer, was filed with the Industrial Accident Board on January 26, 1956.

On January 21, 1957, the Industrial Accident Board made an order wherein it recited that more than one year has expired since the date of death and no claim for dependency benefits has been made and filed by any person whomsoever. The Board thereupon ordered that the employer or its surety forthwith pay into the State Treasury for deposit in the Industrial Administration Fund the sum of One Thou-

sand Dollars in accordance with the provisions of paragraph 6, Section 72–301, I.C.

On December 24, 1957, appellants filed a Petition for Hearing with the Industrial Accident Board in which they alleged they were actually partially dependent on deceased for support. Respondents answered such petition and alleged that claimants had not filed a claim for compensation as dependents of the deceased with the Industrial Accident Board within one year after the death of John R. Atwood and alleged that the failure to file such claim for compensation was a bar to recovery on any claim subsequently filed, and that the present proceedings were barred by the provisions of Section 72–402, I.C.

The Industrial Accident Board set the matter for hearing on January 23, 1958. At the opening of such hearing, respondents moved for a dismissal of appellants' Petition for Hearing and of the proceedings on the ground that more than one year had expired since the death of John R. Atwood and no claim for dependency benefits had been made or filed by any person whomsoever.

Appellants introduced as exhibits certain correspondence between the attorney for the State Insurance Fund and the attorney for claimants and one letter from the Chief Claims Examiner of the Fund in an attempt to show either that a claim had been filed with the State Insurance Fund or that respondents had waived the filing of such claim within one year, or were estopped from raising the bar of statute of limitations. At the close of the hearing the Industrial Accident Board entered an order that the claimants did not file a claim for compensation as dependents of the deceased with the Industrial Accident Board within one year after such death and that respondents had not waived compliance with the provisions of Section 72–301, I.C.; and ordered that claimants' Petition for Hearing and claim for death dependency benefits be denied and dismissed in accordance with the provisions of Section 72–402, I.C. From such order, claimants have appealed to this Court.

In effect, the contentions of appellants on this appeal are that the filing of a claim with the State Insurance Fund is equivalent and equal to the filing of a claim with the Industrial Accident Board; and that the correspondence introduced in evidence is sufficient to constitute either the filing of a claim with the State Insurance Fund or to constitute a waiver of the statute of limitations or an estoppel to assert same.

In support of their contention that a filing of a claim with the State Insurance Fund constitutes the filing of a claim with the Industrial Accident Board, appellants cite Utah Delaware Min. Co. v. Industrial Commission, 76 Utah, 187, 289 P. 94; Ban & Kariya Co. v. Industrial Commission, 67

Utah 301, 247 P. 490. The decisions in the Utah cases are based upon the proposition that under Utah statutes the State Insurance Fund is an arm or agent of the Industrial Commission. In this state, the State Insurance Fund, existing under the provisions of Title 72, Chapter 9, Idaho Code, is an independent agency and is not an arm of the Industrial Accident board, and has the status of a private insurance company. Rivera v. Johnston, 71 Idaho 70, 225 P.2d 858. The filing of a claim with the State Insurance Fund is not the equivalent of and does not meet the requirement of the filing of a claim with the Industrial Accident Board.

■ Appellants had the duty of filing their claim for compensation as dependents with the Industrial Accident Board within one year after the death of the employee. Sections 72–301 and 72–402, I.C.; Moody v. State Highway Department, 56 Idaho 21, 48 P.2d 1108; Arnold v. Claude Lacey & Son, 73 Idaho 1, 245 P.2d 398; Judd v. Rinelli, 75 Idaho 121, 268 P.2d 671. Appellants do not challenge this rule; and do not contend that any claim was filed either with the Industrial Accident Board or the State Insurance Fund within one year after the death of the employee other than as contained in the correspendence hereinafter referred to.

The correspondence upon which appellants rely to show either the filing of a claim with the State Insurance Fund or a waiver of the one year limitation for the filing of claims, or an estoppel to assert such limitation, consists of five letters introduced in evidence which were communications between the State Insurance Fund and the attorney for appellants.

■ This correspondence cannot be construed as equivalent to the filing of a claim. It does not show any facts upon which could be predicated a claim of waiver of the requirement that the dependency claim must be filed with the Industrial Accident Board within one year after the death of the employee; nor any facts sufficient to bar respondents by way of estoppel from asserting the statute of limitations. Sections 72–301 and 72–402, I.C.; Rivera v. Johnston, supra; Judd v. Rinelli, supra; Harris v. Bechtel Corp., 74 Idaho 308, 261 P.2d 818.

The position of respondents in this cause is supported by the language in Judd v. Rinelli, 75 Idaho 121, at page 124, 268 P.2d 671, at page 673, reading as follows:

"It follows that no claim for death benefits having ever been made, within one year or at all, the Board has no jurisdiction to entertain the application for hearing. Under the facts presented, there was nothing to hear. The proceedings here attempted would be analogous to a person coming into court asking for a judgment without ever having filed a complaint.

"No payment by the employer or the surety because of the alleged death was ever made to the claimant, and there was no waiver of the statute of limitations as contended by appellants."

The order of the Industrial Accident Board denying claimant's Petition for Hearing and claim for death dependency benefits is affirmed. Costs awarded to respondents.

KEETON, C. J., and TAYLOR, SMITH and McQUADE, JJ., concur.