436 P.2d 245

Riley C. GREGG, Claimant-Appellant,

v.

Elmo W. ORR, dba Orr Roofing and Building Supply, and Argonaut Insurance Company, Defendants-Respondents.

No. 9932.

Supreme Court of Idaho.

Dec. 14, 1967.

Rehearing Denied Jan. 4, 1968.

Millar, Callister & Carter, Boise, for appellant.

Moffatt, Thomas, Barrett & Blanton, Boise, for respondents.

SPEAR, Justice.

This is an appeal from an order of the Industrial Accident Board denying claimant-employee (hereinafter referred to as appellant), Riley C. Gregg, workmen's compensation benefits for alleged back injury and resulting mental disability purportedly suffered in an accident while working for Orr Roofing & Building Supply, respondent. He is presently confined to the psychiatric ward of the Veterans' Hospital in Salt Lake City, Utah, and has been so committed since December 29, 1964. His condition is diagnosed as paranoid schizophrenia, and now at age 50 his prognosis is poor.

Appellant alleges that he suffered permanently disabling back injuries when a tar kettle he was tending exploded and threw him upon his back. Subsequently, as a result of being laid up and out of work, he began to experience severe emotional and mental disturbances which culminated in a complete mental breakdown and his eventu-

al commitment and confinement to the mental ward of the Veterans' Hospital in Salt Lake.

The Industrial Accident Board held that Mr. Gregg's claim was barred under I.C. § 74–402 by reason of his failure to file a written claim for compensation, based on the tar kettle explosion, within one year after the date of the accident. Moreover, the Board found from a preponderance of the evidence that neither condition complained of (back injury and mental disability) arose out of any accident connected with his employment.

Appellant's first notice of injury was filed with the Board on June 19, 1962. (Board's Exhibit 3) It contains the report of Dr. Jerome K. Burton, an orthopedic surgeon, which describes Gregg's injury as follows:

"While working as a hod carrier, patient injured lower back."

Dr. Burton diagnosed "back sprain" and prognosed four to six weeks disability. The date of this accident was set at June 1, 1962.

On the 21st day of June, 1962, the Board received appellant's only formal notice of injury and claim for compensation. (Board's Exhibit 1) Claimant here alleged that his back gave way while shoveling gravel into a gravel machine on June 1, 1962, and that as a result of this accident he ceased work on June 5.

The only notice of a possible second accident and injury came in a letter by Dr. Burton filed with the Board on August 30, 1962. (Board's Exhibit 3) This letter refers to both the "shovel" incident and the "tar kettle" incident as the cause of back injury:

"The above-named Riley Gregg sustained in injury to his back while shoveling gravel on a roofing job, and a second injury when the tar kettle blew up, which further aggravated his back on June 1, 1962."

Previous to this letter respondent Argonaut Insurance Company, the surety in this action, had filed with the Board on July 11, 1962, its letter to Mr. Gregg denying any liability under the Workmen's Compensation Law. (Board's Exhibit 2)

In his peition for hearing which was filed on *May 28, 1963*, appellant alleged an accident as of June 4, 1962, resulting in "permanent total disability consisting of severe back sprain and weakened back." (Board's Finding No. 7) Accompanying this petition was a letter requesting that the hearing be delayed while claimant proceeded in a civil action against the negligent manufacturer (presumably of the tar kettle). (Board's Reference Exhibit 42)

At the hearing appellant practically abandoned the gravel shoveling incident as the basis of recovery and stressed the incident wherein a tar kettle he was tending exploded and threw him upon his back. He alleged this occurred on June 4, 1962, but from a preponderance of the evidence, the Board found the tar kettle incident to have occurred at least two weeks before the shoveling incident of June 1, 1962.

Nothing would be served by outlining in detail the testimony at the hearing revolving around a determination of the precise date of this tar kettle explosion. Suffice it to say that since the findings of the Board are supported by substantial and competent evidence, they are conclusive and will not be disturbed on appeal. Constitution, art. 5, sec. 9; I.C. § 72–609; Cain v. C. C. Anderson Co., 64 Idaho 389, 133 P.2d 723 (1943); Smith v. University of Idaho, 67 Idaho 22, 170 P.2d 404 (1946); Comish v. Simplot Fertilizer Co., 86 Idaho 79, 383 P.2d 333 (1963); Dawson v. Hartwick, 91 Idaho 561, 428 P.2d 480 (1967).

Appellant contends that a proper notice of injury and claim for compensation based upon the tar kettle explosion was filed within the statutory meaning of I.C. § 72–402 by Dr. Burton's letter of August 30, 1962 when taken in conjunction with appellant's petition for hearing of May 28, 1963.

Whether these instruments satisfy the statutory requirement of a claim for compensation we need not determine for the reason that the petition for hearing, even if

it be construed as a claim for compensation, was not made within one year after the date of the accident as determined by the Board. This date was fixed at least two weeks before June 1, 1962, so that a claim for compensation coming on May 28, 1963, would fail to comply with the one year limitation of I.C. § 72–402.

Since this section prescribes a time limit of one year from the date of the accident and not the injury, and since respondents have pleaded the bar of the statute, any claim based on this tar kettle incident is thereby barred. Moody v. State Highway Dept., 56 Idaho 21, 48 P.2d 1108 (1935). The same interpretation has been given another portion of I.C. § 72–402 which provides that in case of death the claim for compensation must be filed within one year after such death. Atwood v. State of Idaho Dep't of Agriculture, 80 Idaho 349, 330 P.2d 325 (1958); Judd v. Rinelli, 75 Idaho 121, 268 P.2d 671 (1954).

■ However, appellant in his last assignment of error relies upon I.C. § 72–406, which provides as follows:

"No limitation of time provided in this act shall run as against any person who is mentally incompetent or a minor dependent so long as he has no committee, guardian or next friend."

contending that since the Board found appellant was experiencing a mental breakdown prior to the time he went to work for respondent, the time for filing the claim for compensation should be tolled or suspended until he became competent. This position is untenable, for this issue was never raised in the hearing before the Board, nor was it ruled upon by the Board. Additionally, the testimony of Dr. Floyd LaMarr Heyrend, appellant's own psychiatric witness, establishes that:

"* * * [T]he picture which I received from the children and wife was that it was a gradual insidious onset, and the three months prior to my committing him he was in a full blown psychosis."

This commitment was to Idaho State Hospital South at Blackfoot in August, 1964. This is the only evidence of a specific date on which appellant was deemed mentally incompetent during or near the period of a year in question and this fixed such disability nearly two years after the accident. The record does not support appellant's contention that he was mentally incompetent during the year immediately following the tar kettle incident, so he cannot be afforded the protection against the statute of limitations as provided in I.C. § 72–406.

In view of the conclusions reached herein it is unnecessary for this court to discuss or rule upon any of the other assignments of error raised by appellant.

The order of the Board is affirmed.

TAYLOR, C. J., and SMITH, McQUADE and McFADDEN, JJ., concur.

On Petition for Rehearing

McFADDEN, Justice.

In appellant's petition for rehearing, it is asserted this court was in error in its statement that the issue of whether the provisions of I.C. § 72–406 was applicable had not been raised at the hearing before the court.

■ Respondent denied ever receiving notice of the claim asserted by appellant, and established that by competent proof. Appellant claims that failure to timely give notice is excused by reason of I.C. § 72–406. This record does not reflect this issue being directly presented to the board by pleading, or direct proof. The burden is on a claimant to establish that he comes within the exception which will toll the statutory time for filing claim. Winston v. City of Richmond, 196 Va. 403, 83 S.E.2d 728 (1954); Rust Engineering Co. v. Ramsey, 194 Va. 975, 76 S.E.2d 195 (1953); Colonial Ins. Co. v. Industrial Acc. Commission, 27 Cal. 2d 437, 164 P.2d 490 (1945).

The board made no specific finding of fact or ultimate finding on this issue, indica-

tive that the issue was never fully raised. Under these circumstances the petition for rehearing should be denied.

SMITH, C. J., and TAYLOR, Mc-QUADE and SPEAR, JJ., concur.