438 P.2d 917

Earl M. ATKINS, Claimant-Respondent,

v.

C. B. EATON & SONS, INC., and Argonaut Insurance Company, Defend-ants-Appellants.

No. 10087.

Supreme Court of Idaho.

March 28, 1968.

Rehearing Denied April 16, 1968.

Moffatt, Thomas, Barrett & Blanton, Boise, for defendants-appellants.

Richard B. Eismann, Homedale, John W. Gunn, Caldwell, for claimant-respondent.

SPEAR, Justice.

This cause was brought before the Industrial Accident Board for the sole purpose

of determining whether claimant-respondent Atkins was employed by appellant C. B. Eaton & Sons and the extent of the coverage afforded by appellant Argonaut Insurance Company (hereinafter referred to as Argonaut) to said employer.

On November 16, 1966, respondent was injured while working at the site of a mining operation known as the "Lendo Mine." At the time of his injury, respondent was engaged in construction and prospecting work on the property.

Respondent's Notice of Injury and Claim for Compensation, filed with the Board on December 30, 1966, was directed to C. B. Eaton & Sons as respondent's employer. At the bottom of this form appears the written signature of Earl T. Nielson, signing as the authorized agent for C. B. Eaton & Sons.

By letter dated January 18, 1967, addressed to respondent, appellant Argonaut denied liability on the basis of lack of coverage by C. B. Eaton & Sons.

In answer to respondent's petition for hearing, appellants asserted three defenses, namely:

(1) that while Argonaut is the surety for C. B. Eaton & Sons, it "extended no coverage to said employer for the employment of the claimant herein";

(2) that said claimant at the time of the alleged accident "was not an employee nor engaged in the employment of defendant, C. B. Eaton and Sons, Inc., but rather, was engaged in the employment of Lendo Mining Corporation, an Idaho corporation"; and

(3) "that in no event did the coverage extended to C. B. Eaton and Sons, Inc. extend to any mining operation or venture subjecting liability to the defendant surety herein."

C. B. Eaton & Sons is a corporation organized, licensed and existing under the laws of the State of Idaho since 1957 with its principal place of business at Wendell, Idaho. The incorporators named in the Articles are James Eaton, Annette Eaton, Earl T. Nielson, and Florence M. Nielson. The above named individuals also comprise the board of directors and officers of the corporation, with Earl Nielson as president and James Eaton as vice-president. According to Article VIII, the purposes of this corporation are:

"to engage in the business of water, gas, oil or core drilling and the business of heavy construction of all kinds, including, but not limited to highway, bridge, acqueduct, tunnel or road construction, land levelling and clearing, land moving, excavation, erection of structures and such other types and kinds of drilling and construction operations consistent with the operations and equipment of said corporation, whether in the State of Idaho or otherwise."

The annual statement for C. B. Eaton & Sons, filed with the Secretary of State on August 1, 1966, reports that the corporation was not engaged in mining operations. Argonaut's surety bond filed with the Board covers the "entire liability" of the designated "Principal," C. B. Eaton & Sons, to its employees and dependents of deceased employees under the Idaho Workmen's Compensation Law.

Lendo Mining Corporation was organized and licensed under the laws of Idaho on March 8, 1966, with its principal office of business at Wendell, Idaho. Among the incorporators signing the Articles were Earl T. Nielson and Ivan Leon Nielson. Its designated purposes are "to acquire, hold, work and operate mines and lodes, and to do all things incidental to the general business of mining, and to treat and market the products of mines and lodes."

According to Lendo's annual statement filed with the Secretary of State on August 19, 1966, James Eaton is designated both as an officer (president) and member of the board of directors; Ivan Nielson and respondent Atkins are listed as members of the board. Their election presumably took place on the third Saturday in December, 1965. Of the $1,000,000 worth of author-

ized capital stock, $200,000 was subscribed to as of that date. The statement reported Lendo's mining operations as "productive."

Respondent's principal skill lay in the field of mining operations. During the early part of 1966 he first contacted James Eaton at Wendell, Idaho, and later spoke with Earl and Leon Nielson about the possibility of working for them at a mining site. Respondent testified that at this time, C. B. Eaton & Sons was doing some drilling at a mining operation near Silver City. He was hired by the Nielsons sometime between January and February of 1966 at a stated wage and worked continuously at what is now known as the Lendo Mine except for one day during the summer when he was sent to assist in "pulling out" a well at another site under instructions from Earl Nielson. During these negotiations it was agreed upon by the parties that respondent was to receive, as part of his consideration for working, a bonus of $100 per month in the capital stock of a mining corporation, to be formed, if it were ever to become productive. Respondent testified that this arrangement was not necessarily confined to the Lendo mining site as there was no Lendo Mine in existence at that time and there was some talk of driving a drift at Silver City. Be that as it may, the Lendo site was finally chosen and leased from its owners on July 20, 1966, by Jim Eaton acting for Lendo Corporation which was incorporated March 8, 1966. As part of this leasing agreement, the Lendo Corporation purchased certain mill equipment already located on the site.

Respondent's work, though largely confined to the Lendo site, actually began before the mine was formally incorporated. His duties consisted of operating a bulldozer, caterpillar and other heavy equipment to push off the top soil and remove the dirt from the exposed rocks so they could be examined, as well as drilling test holes deep into the ground. Part of this equipment used in working the property was stamped with the name C. B. Eaton &

Company. Respondent testified that to the best of his knowledge the Lendo Mine did not own any of the machinery he was operating, nor did it retain any employees.

Respondent further testified that while working at the Lendo site he received instructions from either Earl Nielson, Leon Nielson or Jim Eaton.

During the course of his employment he incurred certain expenses for the purchase of supplies at the Lendo site. Invoices for such supplies were made out to C. B. Eaton & Sons and signed by respondent on behalf of that corporation.

Respondent received his salary, in cash or by check, from either Earl Nielson, Leon Nielson or Jim Eaton. Cliff Morris, manager of Argonaut's audit department, testified that he was familiar with the payroll accounts of C. B. Eaton & Sons and that these accounts, which would indicate classification of work, did not report any classification or payroll concerning mining operations. Under cross-examination he testified that he had previously inquired of Mr. Earl Nielson whether there was a check in existence to verify a payroll payment had been made to respondent on November 15, 1966. Nielson's reply was that such a check would have come from Jim Eaton and that the corporation of C. B. Eaton & Sons would have reimbursed Mr. Eaton for the pay that he had in turn given to respondent.

While Lendo's annual statement contains the information that it is a "productive" corporation, James Eaton, president of the Lendo Corporation as well as vice-president of C. B. Eaton & Sons, testified that the mining company did not operate the site during the months of October through December, 1966, and that none of its capital stock had ever been issued. The files of the board show that its Bond Department had made repeated efforts to induce Lendo to file security and insure its liability under the Workmen's Compensation Law, but that its letters were never answered.

From the foregoing, the Board found that respondent was the employee of C. B.

Eaton & Sons, Inc. and that the corporation's operations at the Lendo site were consistent with its stated purposes in Article VIII. Moreover, even assuming these operations were *ultra vires,* Argonaut's surety bond underwrites that corporation's "entire liability."

The Board's findings are amply supported by substantial and competent evidence in the record, and, as such, they will not be disturbed upon appeal. Idaho Constitution, Art. 5, § 9; I.C. § 72–609; Bradshaw v. Bench Sewer District, 90 Idaho 557, 414 P.2d 661 (1966); Clark v. Bogus Basin Recreational Assn., 91 Idaho 916, 435 P.2d 256 (1967); Gregg v. Orr, 92 Idaho 30, 436 P.2d 245 (1967).

At the time respondent first contacted James Eaton about the possibility of a job in January, 1966, the Lendo Mining Corporation was not even in existence. Also, after Lendo's formation in March, 1966, there is no evidence to indicate that respondent's original employment status with C. B. Eaton & Sons had ever changed, and as such it is presumed that this relationship continued to exist until the time of his injury. In re Black, 58 Idaho 803, 80 P.2d 24 (1938).

By his own admission, James Eaton, president of the Lendo Mining Corporation, as well as vice-president of C. B. Eaton & Sons, Inc., conceded Lendo was not engaged in active operations and that none of its capital stock had ever been issued. Additionally, Earl Nielson, president of C. B. Eaton & Sons, signed respondent's Notice of Injury and Claim for Compensation as the authorized agent for respondent's *employer,* C. B. Eaton & Sons. This admission is at least prima facie evidence of an existent employer-employee relationship between respondent and the appellant corporation. See Joslin v. Idaho Times Publishing Co., 60 Idaho 235, 91 P.2d 386 (1939). Cf. Teater v. Dairymen's Co-operative Creamery, 68 Idaho 152, 190 P.2d 687 (1948); Wilcox v. Swing, 71 Idaho 301, 230 P.2d 995 (1951).

It is the duty of the Industrial Accident Board to determine whether and between whom there exists a relationship of employer and employee, and there being substantial evidence to support its finding in this case, the same will not be disturbed by this court. Beutler v. MacGregor Triangle Co., 85 Idaho 415, 380 P.2d 1 (1963); Ohm v. J. R. Simplot Co., 70 Idaho 318, 216 P.2d 952 (1950).

Judgment affirmed. Costs to respondent.

SMITH, C. J., and TAYLOR, McQUADE and McFADDEN, JJ., concur.