477 P.2d 97

**Robert R. MANNING, Claimant-Appellant,**

v.

**:POTLATCH FORESTS, INC., Employer, and Workmen's Compensation Exchange, Surety, Defendants-Respondents.**

**No. 10567.**

Supreme Court of Idaho.

Nov. 17, 1970.

Paul C. Keeton, D. K. Worden, Jr., Lewiston, for claimant-appellant.

Blake, Feeney & Mosman, Lewiston, for defendants-respondents.

McQUADE, Justice.

In February, 1969, claimant-appellant, Robert R. Manning, initiated this workmen's compensation action for a compensable accident before the Industrial Accident Board. A hearing was had the following month, and in September, 1969 the Board entered a decision in favor of defendants-respondents, Potlatch Forests, Inc., and its surety Workmen's Compensation Exchange, denying Manning's claim for compensation. Manning has brought this appeal from that decision.

There is no substantial controversy concerning the basic facts. Manning had been employed at Potlatch's Twin Feathers Mill at various times from 1951. In 1954 he began working as a "chipper tender" at Twin Feathers, and he worked on that job until May, 1968. The chipper which Manning tended was located immediately below a large cut-off saw in the mill and this arrangement exposed Manning to substantial quantities of dust from that saw.

In April, 1968, appellant suffered a severe respiratory attack while at work. He consulted with a Dr. Wiltse, who diagnosed Manning's condition as "asthmatic bronchitis." The doctor concluded that this condition was related to an allergenic reaction to cedar sawdust. Other consulting physicians concurred in this conclusion.

Appellant had suffered from symptoms of asthma, choking, coughing, and wheezing, as early as 1957. Manning had, according to a report from a Spokane hospital, suffered from asthma throughout his life. In 1964 he was involved in an automobile accident from which he received several broken ribs. In the autumn of 1967 he suffered substantial pulmonary difficulties, marked by severe coughing. These problems intensified throughout the winter and spring of 1967–68, until, in May, 1968, he was forced to stop working com-

pletely. Manning attempted to return to outside work at Twin Feathers in August, 1968, but, when he was again confronted with cedar sawdust blown from a nearby waste pile, his bronchial-pulmonary symptoms compelled him to cease working. He has not since returned to work.

Dr. Wiltse testified that, although Manning has not suffered from acute symptoms of the sort which occurred during the spring of 1968, appellant continues to suffer from an irreversible, severe, debilitating lung condition similar to emphysema. The doctor further testified that this condition is functionally the same as silicosis, the only difference being that the causative agent in the latter disease is silica dust, whereas Manning's difficulty was caused by cedar dust. It was the doctor's opinion that Manning was not and would not again be able to perform any labor involving physical exertion. Dr. Wiltse testified on cross-examination that it might be possible for Manning to do work with his hands, involving slight effort, in a protected atmosphere.

■ Manning testified that his bronchial-pulmonary difficulties were dramatically worse when he was exposed to sawdust while cedar was being cut in Twin Feathers Mill. It is generally conceded that this was the result of an allergy to cedar. Respondents, in their answer, urged that this was not the cause of appellant's condition, but that, at most, the allergy only temporarily aggravated his chronic asthmatic bronchitis. The Industrial Accident Board agreed with this contention of respondents. The Board also ruled that appellant had not sustained his burden of proving that he had suffered an accident or had a compensable occupational disease. The Board finally ruled that Manning had failed to prove that he was totally temporarily disabled or, if disabled, that such disability was caused by an injury resulting from an accident arising out of his employment by Potlatch Forests, Inc. We conclude that the Board's second ground for its decision is correct and, therefore, we affirm. Because this ground is sufficient to support the Board's decision, we need not and, consequently, will not discuss the first and third rulings of the Board.

■ The Board, by its ruling that appellant failed to sustain his burden of proof, stated, in effect, that appellant had been unable to make out the prima facie elements of an injury for which a recovery may be had under the Workmen's Compensation Law. Compensable injuries are defined by I.C. § 72–201.[1] In order for the Board to have awarded compensation to Manning, it would have had to have found that his debilitating lung condition was either the result of an injury, or a non-occupational disease which resulted directly from an injury, which had been caused by "an unexpected, undesigned, and unlooked for mishap, or untoward event, happening suddenly * * *, and which can be definitely located as to time when and place where it occurred * * *." (Em-

---

1. *"72–201. Right to compensation for injury.*—If a workman receives personal injury caused by an accident arising out of and in the course of any employment covered by the Workmen's Compensation Law his employer or the surety shall pay compensation in the amounts and to the person or persons hereinafter specified.

   " 'Accident,' as used in this law, means an unexpected, undesigned, an unlooked for mishap, or untoward event, happening suddenly and connected with the industry in which it occurs, and which can be definitely located as to time when and place where it occurred, causing an injury, as defined in this law.

"The terms 'injury' and 'personal injury,' as the same are used in this law, shall be construed to include only an injury caused by an accident, as above defined, which results in violence to the physical structure of the body. The said terms shall in no case be construed to include an occupational disease in any form and only such non-occupational diseases as result directly from an injury."

The Occupational Disease Compensation Law, I.C. § 72–1201 et seq., is not relevant to this action, because Manning's condition is not an "occupational disease" as defined in I.C. § 72–1204 and, therefore, is not compensable as such.

phasis supplied); I.C. § 72–201. We are unable to say that the Board was incorrect as a matter of law in concluding that appellant had not made out facts sufficient to meet this statutory test.[2]

This case is closely analogous to other cases which have been before this Court in the past. In Carlson v. Batts [3] the appellant complained that work which he had performed in sanding a floor over a period of two days had caused him to develop bursitis in his knee. The sanding had required him to move about on his knees, subjecting them to persistent and continuous bruising. The Industrial Accident Board, because there was no particular incident to which the claimant could attribute the contusion, no particular bumping of his knee of severity sufficient to cause the claimant to recall it, found that the bursitis had not resulted "from an unexpected or undesigned event or circumstance" and that it was not compensable. This Court upheld the Board's decision.

In Welch v. Safeway Stores, Inc.,[4] a retail store employee complained of back trouble caused by repeated acts of bending and lifting performed in the course of her employment. The Industrial Accident Board concluded that the employee had not met her burden of proof because she had not shown that she had experienced "a sudden, unexpected mishap affecting her lower back, which can be definitely located as to time when and place where it occurred." The employee cited several cases for the proposition that her injury was indeed "accidental" and, therefore, compensable under the statute. This Court rejected that contention pointing out that the cases holding contra to which it had been cited (and upon many of which appellant here relies) were decided under different statutory language. The compelling circumstance in that case was that the employee had suffered a gradual deterioration which occurred over an extended period of time and which could not be traced to any particular traumatic episode.[5]

In Hoffman v. Consumers Water Co.[6] an employee who had been cleaning an irrigation ditch and who had contracted typhoid fever but who was unable to show any instant or particular episode in time when he was aware of a mishap or other causative occurrence was held to have been properly denied compensation. Moulton v. Gregor Mines [7] and Sonson v. Arbogast,[8] both involving pneumonia, reached the same result on like reasoning.

These cases stand for the proposition that, when the Industrial Accident Board concludes that a claimant has failed to meet his burden of proof that his injury was caused by an accident because the claimant has only been able to show a condition of

---

2. On appeal from a decision of the Industrial Accident Board our consideration is limited to questions of law. Idaho Constitution art. 5, § 9; I.C. §§ 72–608, 72–609. In this opinion "burden of proof" is used in the sense of a "persuasion burden." A decision on the part of a trier of fact that he is not persuaded, i. e. the burden of proof has not been met, as to the existence of some material and necessary fact is very much like a formal finding of fact. It is actually a finding that a particular fact can not be found to the requisite certainty. See F. James, Civil Procedure, 248–50 (1965). We should, therefore, show deference to the Industrial Accident Board's conclusion that a burden of proof has not been met, in much the same fashion as we defer to affirmative findings of fact of the Board. See, e. g., Griffen v. Potlatch Forests, Inc., 93 Idaho 174, 457 P.2d

413 (1969); Atkins v. C. B. Eaton & Sons, Inc., 92 Idaho 172, 438 P.2d 917 (1968); McBride v. J. R. Simplot Co., 92 Idaho 274, 441 P.2d 723 (1968).

3. 69 Idaho 456, 207 P.2d 1023 (1949).

4. 87 Idaho 396, 393 P.2d 594 (1964).

5. Compare Dawson v. Hartwick, 91 Idaho 561, 428 P.2d 480 (1967), where a back injury was held "accidental" and compensable because its cause could be located as to time and place with sufficient certainty.

6. 61 Idaho 226, 99 P.2d 919 (1940).

7. 70 Idaho 329, 217 P.2d 860 (1950).

8. 60 Idaho 582, 94 P.2d 672 (1939).

gradual deterioration over time, without any particular, work-related, causative untoward event or unlooked for mishap, this Court will affirm the order of the Board denying compensation on that ground.[9]

This is precisely such a case. Manning is suffering from a debilitating condition of extended duration, which a doctor testified is similar to the disease silicosis, which the Board could reasonably have found had occurred gradually over a substantial period of time without a causative occurrence. Under the cases cited above, the Board's conclusion that Manning had not adequately shown that his condition is a compensable injury caused by an accident must be upheld.

Appellant relies heavily on the case of Dobbs v. Bureau of Highways decided in 1941.[10] That case involved an operator of a rock crusher who had inhaled massive quantities of dust during his employment and had developed acute tuberculosis as a result. The Industrial Accident Board found that this condition was one resulting from an injury caused by an accident and awarded compensation. This Court upheld that award. In the course of that affirmance the Court put great emphasis on the suddenness of the onslaught of the debilitating condition.[11]

Dobbs is distinguishable from the one at bar. There the Board had found a quality of suddenness in the development of the claimant's affliction which was sufficient to enable it to characterize the ostensible disease as an injury caused by an accident. Here the Board has found precisely the opposite. The Board is presumed to be particularly capable of judging causative factors because of its experience.[12] In recognition of this special expertise of the Board, we are limited by Constitution [13] and by statute [14] to review only questions of law on appeal from a decision of the Board. Where the Board's findings are supported by substantial, competent evidence they are binding on this Court on review.[15] We are unable to say that the Board's decision that Manning had not shown sufficient suddenness of onslaught to make out a mishap or untoward event, as those expressions are used in the statute, was so unreasonable as to be erroneous as a matter of law. Whereas in *Dobbs* the claimant was employed and exposed to the dust for less than two years, Manning had been employed for nearly seventeen years, had been subjected to cedar dust for a considerable time, and had been suffering from symptoms similar to those upon which he based his claim in this action since at least 1957. Because the question of whether a claimant has reasonably limited the time and place of the occurrence of an accident upon which his claim is founded is a factual one [16] and because we must defer to the special competence of the Board in resolving factual issues, we are unable to hold that the Board's conclusion that Manning's condition did not develop as a result of an accident was erroneous as a matter of law nor that the Board was bound in its judgment by the factually different *Dobbs* case.

For the reasons set out above the order of the Industrial Accident Board is affirmed.

McFADDEN, C. J., and DONALDSON, SHEPARD and SPEAR, JJ., concur.

9. *See generally* 1-A Arthur Larson, Workmen's Compensation Law § 39.20, at 622.-58 (1967).

10. 63 Idaho 290, 120 P.2d 263 (1941).

11. 63 Idaho, at 299, 300, 120 P.2d, at 266.

12. *See* Dawson v. Hartwick, *supra*, n. 5, 91 Idaho, at 567, 428 P.2d, at 488.

13. Idaho Constitution, art. 5, sec. 9.

14. I.C. §§ 72-608, 72-609.

15. *See* Cases, *supra*, note 1.

16. *See* Welch v. Safeway Stores, Inc., *supra*, n. 4, 393 P.2d, at 597.