498 P.2d 1267

**Patsy HAMBY, Claimant-Appellant,**

v.

**J. R. SIMPLOT COMPANY, Employer, and Argonaut-Northwest Insurance Company, Surety, Defendants-Respondents.**

No. 10950.

Supreme Court of Idaho.

June 12, 1972.

---

James Annest, Burley, for claimant-appellant.

John W. Barrett, of Moffatt, Thomas, Barrett & Blanton, Boise, for defendants-respondents.

DONALDSON, Justice.

This appeal is taken from an order entered by the Industrial Accident Board of the State of Idaho denying the appellant's claim for death benefits under Idaho's Workmen's Compensation Law. The sole question presented to the Board in this case was whether the appellant Patsy "Hamby" was, in fact, the wife of Lawrence Hamby at the time of his death in an industrial accident at the J. R. Simplot Company. The appellant claimed to be the decedent's wife by common-law marriage. The Board held that the evidence failed to establish the existence of a common-law marriage relationship between the appellant and the decedent.

The appellant and the decedent began living together on May 8, 1970, at which time the appellant was still married to another man by the name of Mr. Curriel. Ten days later, on May 18, 1970, the appellant obtained a decree of divorce from Mr. Curriel. Three days later, on May 21, 1970, Lawrence Hamby died. The appellant claims that she was legally married to the decedent for the *three days* between her divorce and his death. In other words, the appellant and the decedent lived together for only thirteen days, during ten of which she was still legally married to another man.

The appellant admits that she and the decedent had planned to have a ceremonial marriage in July, 1970; but she claims that this was simply for the benefit of their parents, and that as far as she and the decedent were concerned, they were already man and wife even though no ceremony had ever been held.

Most of the appellant's assignments of error challenge the Board's findings of fact on the ground that they are not supported by competent evidence; the remaining assignments allege that the Board erred in admitting into evidence cer-

tain exhibits and testimony. In regard to the latter, the appellant contends that the Board erred in considering as an exhibit a loan application made by the appellant and the decedent to the Beneficial Finance Company in Rupert. The record discloses, however, that no objection was made to the admission of this exhibit. Evidence introduced without objection stands as evidence in the case for all purposes and if sufficiently probative may support a finding. Janinda v. Lanning, 87 Idaho 91, 390 P.2d 826 (1964); Tiegs v. Patterson, 79 Idaho 365, 318 P.2d 588 (1957). Hence, the information contained in the loan application was properly considered by the Board. Over objection, the Board admitted into evidence as exhibits the certificate of death, the funeral services contract, and receipts showing who paid for the funeral services. However, no objection was made to the testimony of Mr. Payne, the undertaker in charge of the decedent's funeral, who testified (1) that he was told that the decedent was a single person, and (2) that the funeral arrangements were made solely by the parents of the decedent. The Board's finding to this effect was expressly grounded upon Payne's testimony, and no mention is made of the certificate of death, the funeral services contract, or the receipts issued by the undertaker. *Compare* In re Foster, 77 Idaho 26, 32, 287 P. 2d 282 (1955). The appellant now challenges Payne's testimony on the ground that it constituted inadmissible hearsay evidence. Even if this testimony was hearsay, where such evidence is admitted without objection, it may properly be considered in determining the facts. Quayle v. Mackert, 92 Idaho 563, 447 P.2d 679 (1968); Gem-Valley Ranches, Inc. v. Small, 90 Idaho 354, 411 P.2d 943 (1966);

Annot., 79 A.L.R.2d 890 (1961). Hence, the assignments relating to the admission of the above-mentioned evidence are without merit.

■■ Under a statute [1] such as ours, a common-law marriage arises where "the consent of the parties capable of making it" is followed by "a mutual assumption of marital rights, duties or obligations." The existence of such a marriage may be established by evidence that the parties have acquired a uniform and general reputation as husband and wife. In re Gholson's Estate, 83 Idaho 270, 273, 361 P.2d 791 (1961); In re Baldwin's Estate, 162 Cal. 471, 123 P. 267, 275 (1912); Hinckley v. Ayres, 105 Cal. 357, 38 P. 735, 736 (1895); Sharon v. Sharon, 79 Cal. 633, 22 P. 26, 36–37, 131 (1889); In re Svendsen's Estate, 37 S.D. 353, 158 N.W. 410, 414 (1916); Annot., 33 A.L.R. 27, 44–45 (1924); *see* Harron v. Harron, 128 Cal. 308, 60 P. 932 (1900). On the other hand, the existence of such a relationship may be negated by evidence that the parties held themselves out as single persons rather than as husband and wife. In re Gholson's Estate, *supra*; In re Baldwin's Estate, *supra*; Sharon v. Sharon, *supra; see* In re Jessup's Estate, 81 Cal. 408, 425, 21 P. 976, 22 P. 742, 746, 1028 (Cal.1889).

In this case, the defendants introduced substantial evidence tending to show that the appellant and the decedent held themselves out as single persons intending to become married. For example: (1) Mr. Vaughn, the manager of a finance company, testified that when the appellant and the decedent came to apply for a loan (after the appellant's divorce became final), they told him that they were single, that the appellant was the decedent's "girl-

---

1. Idaho Code Section 32–201 provides:
   "*What constitutes marriage.*—Marriage is a personal relation arising out of a civil contract, to which the consent of parties capable of making it is necessary. Consent alone will not constitute marriage; it must be followed by a solemnization, or by a mutual assumption of marital rights, duties or obligations."

When this section was originally enacted in 1877, Idaho adopted the exact wording of the statute then in force in California (Cal.Civ.Code 1872, § 55). The California cases cited in the text discuss the meaning of the phrase "mutual assumption of marital rights, duties or obligations," which was eliminated from the California statute in 1895.

friend," and that they planned to get married "in about a month"; the decedent also indicated that he was then living at an address which was different from the appellant's address. (2) Mr. Payne, the undertaker in charge of the decedent's funeral, testified that the appellant was introduced to him as "the fiancee of Mr. Hamby." (3) Mr. Miller, the decedent's co-worker and former roommate, testified that while the decedent and the appellant were living together the decedent never indicated that they were husband and wife; on the contrary, the decedent stated that they planned to get married in July. (4) Although the appellant had been receiving welfare benefits as a single person (under the name of Patsy Curriel), she did not notify the welfare department that she was no longer a single person. *Cf.* In re Gholson's Estate, *supra.* (5) On June 2, 1970, the decedent's parents wrote a letter to the appellant, addressing her as "Patsy Martinez" (her maiden name) and stating that "after meeting you we know you would have made him a wonderful wife."

 The question presented here is not whether this Court would have reached the same conclusion as did the Industrial Accident Board; rather, the question is whether the Board's findings are supported by substantial, competent evidence. The Industrial Accident Board is the arbiter of conflicting evidence, and if the Board's determination is supported by substantial, competent evidence, it will not be disturbed on appeal. Idaho Const. Art. 5, Sec. 9; I. C. §§ 72–608, 72–609; *e. g.,* Kern v. Shark, 94 Idaho 69, 480 P.2d 915 (1971); Griffin v. Potlatch Forests, Inc., 93 Idaho 174, 457 P.2d 413 (1969). The Board's findings in this case are supported by substantial competent evidence; hence, the assignments of error which challenge these findings are without merit. Similarly, the record fully justifies the Board's conclusion that the appellant failed to prove that she and the decedent were parties to a common-law marriage; in such a case, the Board's de-

termination must be upheld. Kern v. Shark, *supra*; Manning v. Potlatch Forests, Inc., 93 Idaho 855, 477 P.2d 97 (1970).

Order affirmed. Costs to respondents.

McQUADE, C. J., and McFADDEN, SHEPARD, and BAKES, JJ., concur.