326 P.2d 386

Ethel B. ORR and Lucille Williams, as guardian ad litem for Jerri Anne Orr, a minor, Claimants-Appellants,

v.

SUNSHINE MINING COMPANY, Employer, Self Insurer, Defendant-Respondent.

In the Matter of the Death of Gerald C. Orr.

No. 8660.

Supreme Court of Idaho.

June 5, 1958.

H. J. Hull & Sons, Wallace, for respondent.

Chas. E. Horning, Eugene F. McCann, Thomas B. Payne, Wallace, for appellants.

**112**

KEETON, Chief Justice.

In a proceeding before the Industrial Accident Board, claimants Ethel B. Orr, and Lucille Williams as guardian ad litem of Jerri Anne Orr, a minor, sought to recover death benefits from the Sunshine Mining Company. Claimants are the widow and minor child of deceased. The Board entered an order denying the claim. Claimants appealed.

In assignments of error appellants challenge certain findings of the Board as not supported by the evidence, and the sustaining of an objection to some testimony offered.

The evidence discloses that on December 20, 1956, deceased, a miner by occupation, while working underground, was knocked from a staging, fell down a chute for a distance of approximately fifteen feet, and received minor injuries consisting mostly of scratches and abrasions on his shoulder and parts of his back. He returned to work the next day and worked regular shifts on December 21, 26 and 27.

While leaving the mine, after completion of the day's work, on December 27, he became ill and before he could be taken to a hospital died.

Claim for death benefits is based on two grounds: first, the alleged injuries of December 20; second, that the death was due to working conditions and nature of the work which deceased performed subsequent to the injuries of December 20.

An autopsy was performed on the body of deceased by Dr. Ellis, in the presence of Doctors Edwards and Revelli. These doctors testified as to the cause of death. Doctors Ellis and Edwards stated that there was, in their opinion, no connection between the injury which deceased suffered on December 20, and his death on December 27. Also, that any work that he did on December 27, or subsequent to December 20, did not contribute to his death.

Dr. Revelli, called by appellants, testified that there was some injury about the cervical vertebrae, but "it was probably unlikely to be the cause of death"; that there was a *possible* relationship between the injury of December 20 and the death of deceased.

A pathological report of Dr. Hunter, who examined the internal organs of deceased, indicated "Arteriosclerosis of left coronary artery with acute thrombosis of the anterior interventricular branch; fibrosis and hyalin degeneration of tricuspid valve, cause undetermined; focal pulmonary emphysema; passive hyperemia."

No expert, or other person, testified that either the injury of December 20, or the work being performed, or the working con-

ditions, in anywise contributed to the death of the deceased.

All the doctors who testified agreed that deceased's death was caused by an acute thrombosis in the anterior interventricular branch of the left coronary artery.

The only question before the Board was whether the record established by a preponderance of the evidence that deceased received a personal injury caused by an accident arising out of and in the course of his employment which resulted in his death. As there was no proof of any untoward event which happened suddenly in the course of his employment immediately preceding his death, except the fall of December 20, 1956, the question presented was necessarily determined by medical opinion. The expert testimony does not support claimants' contention that the death was caused by an industrial accident.

The Board found it to be improbable that the trauma of December 20, 1956, exertion or working conditions caused or contributed to deceased's death; also that claimants failed to sustain the burden of proof.

Examining the record as a whole, we are of the opinion that the claimants did not sustain the burden of proof required to uphold the claim.

■ The contention that there was testimony rejected that should have been received refers to a hypothetical question addressed to Dr. Revelli, which was a summarization of matters that the doctor had already testified to. The question itself was leading and suggestive, and repetitious. The objection was properly sustained.

■ The burden of proof is on the claimant to establish by a preponderance of the evidence that the death was caused by an accident arising out of and in the course of the employment. Possibilities are insufficient to support a claim. Darvell v. Wardner Industrial Union, 78 Idaho 309, 302 P. 2d 950.

■ Findings of the Industrial Accident Board, based upon substantial evidence will not be disturbed on appeal. In re Linzy (Linzy v. Cameron's) Inc., 79 Idaho 514, 322 P.2d 330.

We find no error. Order is affirmed.

PORTER and TAYLOR, JJ., concur.

SMITH and McQUADE, JJ., concur in the conclusion reached.