367 P.2d 302

In the Matter of the Death of
Earl A. McDANIEL.

Kathryn McDANIEL, Surviving Widow,
Claimant-Respondent,

v.

IDAHO LAKEVIEW MINES COMPANY,
Employer, and State Insurance Fund,
Surety, Defendants-Appellants.

No. 9014.

Supreme Court of Idaho.

Dec. 18, 1961.

Coughlan & Imhoff, Boise, for appellants.

**8**

Stephen Bistline, Sandpoint, John W. Gunn, Boise, Legal Counsel for Employment Security Agency, for respondent.

McQUADE, Justice.

Plaintiff Kathryn McDaniel was the wife and only dependent of Earl A. McDaniel at the time of his demise. The widow claimed death benefits under Workmen's Compensation Law; based upon this claim, an award of compensation was made by the Industrial Accident Board. This appeal revolves around the finding of the Industrial Accident Board that the fatal injury to McDaniel arose out of his employment.

McDaniel, age 52 at the time of his death, was an employee of the defendant Idaho Lakeview Mines Company. Also a defendant is the State Insurance Fund, which is the compensation insurance carrier for defendant employer.

McDaniel first went to work for the employer about 1940, and was continu-

ously employed by the defendant employer until the time of his death November 5, 1958. From 1940 to 1957, McDaniel was employed as superintendent of the defendant employer's mining properties near Lakeview, Idaho.

It was pointed out by several witnesses that McDaniel had performed many and varied tasks during the years of his employment, and particularly had performed skilled mechanical work for and on behalf of the defendant employer

During his employment McDaniel purchased for himself a welder and welding equipment. This welding equipment, which later caused his death, was used by McDaniel in the operation of the employer's mining operations. The employer purchased gas and necessary supplies for the operation of the welding equipment up to October, 1957.

The critical period of controversy commences after the twenty-third day of October, 1957. At this time, defendant employer entered into an agreement with Federal Uranium Corporation of Utah, which company was to have possession for operation of the properties. The employer reserved the right to inspect, and, pursuant to an order of the board of directors, employed McDaniel at a salary of $150 a month to act as its inspector of the properties and preserve the property of the defendant employer which was upon the premises. Mr. Drumheller, McDaniel's superior for years, had entrusted the management of the mine to decedent, and reposed great confidence in McDaniel.

It was during this period of modified employment that McDaniel met his death while using the acetylene welding equipment to cut up a 1917 Dodge automobile. During the course of this work, the acetylene hose developed a leak, and the escaping gas was ignited, severely burning McDaniel, from which injuries he died November 5, 1958.

Use of the welding equipment in cutting up the old car is urged by the defendant surety to be outside McDaniel's employment. Several witnesses related it was a common occurrence in that mining country, because of the steep topography, to find abandoned automobiles on mine dumps, as these were the only level places in that area. It was also related that automobile bodies were used on the mining property as a riprap for the prevention of erosion from the dump bank by runoff waters. This protection to the dump bank was for protection of the employer's mining properties. There is no conflict in the evidence on these matters. However, one witness for the defendant employer and its surety intimated that McDaniel was taking parts from the automobile for his own personal benefit. There is no evidence in the record to support this intimation.

The employer and the surety, on appeal, urge that the award of the Board should be reversed on the basis that certain testimony was inadmissible as hearsay because it was a relation of statements made by the deceased shortly before his death. There is ample evidence in the record showing what the custom was in the area regarding disposition of these old automobiles to uphold the findings of the Board without relying upon the hearsay testimony of the deceased. Evidence in the record of long-time employment and the character of the duties placed upon McDaniel, as well as those which he assumed over the years, was sufficient for the Industrial Accident Board to conclude that injuries to McDaniel arose out of his employment. In this regard we refer to Smith v. University of Idaho, 67 Idaho 22, 170 P.2d 404, 410, wherein this Court has said:

"Appellants contend that certain evidence was inadmissible as hearsay. Conceding such to be a fact, the receipt thereof would not justify a reversal where there is sufficient competent evidence to sustain the finding. * * *"

There being substantial and competent evidence to support the findings of the Industrial Accident Board, such findings will not be disturbed upon appeal. Orr v. Sunshine Mining Company, 80 Idaho 110, 326 P.2d 386; Moeller v. Volco Builders' Supply, Inc., 81 Idaho 349, 341 P.2d 447; Zimmerman v. Harris Lumber Company, 82 Idaho 187, 350 P.2d 746; Clevenger v. Potlatch Forests, Inc., 82 Idaho 383, 353 P.2d 396; Dawson v. Potlatch Forests, Inc., 82 Idaho 406, 353 P.2d 765.

The order of the Board is affirmed.

Costs to respondent.

TAYLOR, C. J., and SMITH, KNUDSON, and McFADDEN, JJ., concur.