382 P.2d 762

Jack DAVENPORT, Employee, Claimant-Appellant,

v.

BIG TOM BREEDER FARMS, INC., Employer and State Insurance Fund, Surety, Defendants-Respondents.

No. 9275.

Supreme Court of Idaho.

June 10, 1963.

Rehearing Denied June 24, 1963.

Z. Reed Millar, of Millar, Callister & Marsh, Boise, for claimant-appellant.

Glenn A. Coughlan, of Coughlan & Imhoff, Boise, for defendants-respondents.

McQUADE, Justice.

Jack Davenport, claimant herein, brought this proceeding to recover benefits under

the Workmen's Compensation Law, contending that he is totally and permanently disabled from a virus infection, diagnosed as encephalitis, allegedly contracted in the course of his employment with the defendant, Big Tom Breeder Farms, Inc., under such conditions as to constitute an accident arising out of such employment. The respondents, Big Tom Breeder Farms, Inc., as employer, and the State Insurance Fund, as surety, deny liability under the Workmen's Compensation Law, contending that claimant's disability "is the result of non-compensable conditions and diseases entirely unrelated in anywise to his employment with the employer herein."

With the issues thus framed, the matter came on for hearing before the Industrial Accident Board in Canyon County, Idaho, on January 17, 1962. At the hearing it was established that the respondent Big Tom Breeder Farms, Inc. operated a turkey farm approximately four miles southeast of Wilder, Idaho. On January 4, 1961, claimant was employed as a watchman by the respondent to work on this farm. In addition to his duties as a watchman, claimant gathered eggs from the nesting units and roosting sheds during the egg-laying season; these latter duties ended on June 9, 1961, when the respondent sold the last of the laying stock. Accordingly, from June 9, 1961, until he ceased work on June 17, 1961, claimant had no egg-gathering duties.

On June 17, 1961, claimant in the course of his employment had let about 4,200 turkeys out of a roosting shed to allow other employees of the respondent to clean the shed. At approximately noon of that day the turkeys, due to the intense heat, sought relief in the shade of the roosting shed. In so doing, the turkeys "bunched up." J. R. Parson, manager of the farm, was contacted. He ordered the doors of the roosting shed to be opened so the turkeys could enter the building and thereby avoid the heat. While the record is not entirely clear concerning what transpired thereafter, it appears, (and the Industrial Accident Board so found,) that instead of letting the turkeys enter the roosting shed of their own accord, the "crew made the mistake of trying to drive them into the building. The turkeys piled up at the door and about 1000 to 1200 were smothered to death; the others still alive finally got into the building." Neither the manager nor the foreman of the farm were present when this happened and neither could testify as to claimant's activities. When they did arrive between 2 p. m. and 3 p. m. in the afternoon, claimant complained of a headache, dizziness and upset stomach. Claimant remained on the premises until approximately 6 p. m. when, at his request, the manager and foreman took him to his home at Homedale, Idaho.

Because claimant's condition failed to improve, his wife took him to Dr. Wolff, a physician, on June 19, 1961. Dr. Wolff first

thought that claimant was suffering from heat prostration. He prescribed treatment in accordance with this diagnosis.

The following day, claimant's condition worsened. He began to have convulsions and was suffering from a high temperature. Upon receiving this information, Dr. Wolff ordered claimant to be hospitalized at Caldwell Memorial Hospital, where the doctor visited him in consultation with Dr. Willis Hubler, to whose care the patient was transferred. Dr. Hubler's diagnosis was acute encephalitis. Claimant remained at the hospital under the treatment of Dr. Hubler and Dr. Lyman Gabrielsen until August 25, 1961. Since that time, claimant has remained in nursing homes, totally disabled and unable to care for himself.

It is the contention of claimant that he is suffering from encephalitis and permanently disabled; that he contracted the disease from insects on the farm and therefore within the scope of his employment; and that the working conditions on June 17, 1961, were such that contraction of the disease constituted an "accident" arising out of such employment, within the meaning of the Workmen's Compensation Law. That claimant is suffering from encephalitis and permanently disabled is not questioned. The dispute in this case centers around the question whether there is any causal connection between claimant's employment and such virus infection.

According to weather reports the temperature reached 106° on June 17, 1961. It is claimed that this heat, to which the claimant was subjected while working hard, weakened him physically. It is also contended that either turkey mites or mosquitoes on the premises conveyed the disease to claimant. In support of these contentions Dr. Hubler testified that it was probable the heat and overwork had something to do with claimant's illness. He added that in order to make his statement with certainty it would have been necessary to have isolated the specific virus which caused the illness and that he was unable to determine the specific virus in this case. Both Dr. Hubler and Dr. Gabrielsen testified that claimant had a virus encephalitis, the precise etiology of which they were unable to determine.

Dr. Hubler further testified that it is commonly thought the means whereby a man could become infected with encephalitis is through a mosquito bite. It was not herein established that turkey mites are transfer agents of the virus. Dr. Gabrielsen, who treated claimant at the hospital stated that he could find no evidence of insect bites on claimant. Neither doctor was able to give an opinion concerning how claimant became infected with the disease. Mr. Howard, foreman at the farm, stated that there were "not very many" mosquitoes in the vicinity of the farm. He further testi-

fied that no other employees had contracted the disease.

At the conclusion of the evidence, the Industrial Accident Board found that claimant was totally and permanently disabled from a virus infection diagnosed as encephalitis. The Board denied the claim for compensation, however, on the grounds that encephalitis is not classified under the Idaho Occupational Disease Compensation Law as one of the compensable occupational diseases, and because "claimant has failed to prove that his disease with its concomitant disability is in anywise the result of an injury by accident arising out of his employment with the defendant, Big Tom Breeder Farms, Inc." This appeal is taken from the order of the Board denying claimant's claim for compensation.

Claimant's assignments of error, directed primarily at the findings of the Board and its order denying compensation, presents the question of whether claimant established a causal connection between the disability complained of and an accident arising out of his employment with the respondent, Big Tom Breeder Farms, Inc.

 A claimant in a workmen's compensation proceeding has the burden of proving compensable disablement. Flasche v. Bunker Hill Company, 83 Idaho 420, 363 P.2d 1024; Darvell v. Wardner Industrial Union, 78 Idaho 309, 302 P.2d 950; Dunn v. Morrison-Knudsen Co., 74 Idaho 210, 260 P.

2d 398. Further, a claimant must not only prove that he was injured, but also prove that the injury was caused by an accident arising out of and in the course of his employment. I.C. § 72–201; In re Sutton, 83 Idaho 265, 361 P.2d 793; In re Croxen, 69 Idaho 391, 207 P.2d 537. Thus, claimant was required to establish a probable, not merely a possible, connection between cause and effect to support his contention that he suffered a compensable accident. Orr v. Sunshine Mining Company, 80 Idaho 110, 326 P.2d 386; Darvell v. Wardner Industrial Union, supra. The Industrial Accident Board was correct in its finding that claimant failed to establish a causal relationship between the disability with which he is afflicted and an accident arising out of his employment with the respondent, Big Tom Breeder Farms, Inc.

 Also, the record is barren of any evidence tending to establish that claimant's disability resulted from an "accident" within the meaning of the Workmen's Compensation Law. I.C. § 72–201.

Both doctors who treated claimant for his malady stated that he was suffering from a virus encephalitis, the precise etiology of which they were unable to determine. While Dr. Hubler stated it is commonly thought that the means whereby a man can become infected with encephalitis is through a mosquito bite, Dr. Gabrielsen, who treated claimant after his arrival at the

hospital, stated that he could find no evidence of insect bites on claimant. Both Dr. Hubler and Dr. Gabrielsen testified that they did not know which virus claimant was suffering from and how he had contracted the virus.

The order of the Industrial Accident Board is affirmed.

Costs to respondents.

KNUDSON, C. J., and McFADDEN, TAYLOR and SMITH, JJ., concur.