■ In the Matter of the Claim of ALICE OLIVO, Appellant, v. CITY SCHOOL DISTRICT, BOARD OF EDUCATION, et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal by the claimant from a decision of the Workmen's Compensation Board which reversed a Referee's award to claimant and disallowed the claim. The majority of the board panel found that the injury occurred on a public sidewalk and that she was not within the precincts of the employment at that time. It further found that "the record does not indicate that the maintenance of the sidewalk or any part of it was under the exclusive control of the employer." We have heretofore held that the "exclusive control" of the means of ingress and egress is not decisive of whether or not the employee was within the precincts of the employment. (*Matter of Brienza* v. *Le Chase Constr. Corp.*, 17 A D 2d 83; *Matter of Carrasquilla* v. *Penn Akron Co.*, 10 A D 2d 135, 136.) The board's finding was based on legal error as from a reading of the record it appears that the finding in regard to "exclusive control" was probably the determinative factor in the conclusion of the board that the claimant was not in the precincts of the employment. The part of the sidewalk in question was shoveled by the school custodians; the signs shown on the exhibits designated the locations as

the "loading zone" and as a "school crossing". The fact that the city trucks when plowing pushed snowbanks onto the curb and sidewalk was not limited to this particular property and did not alter the school's control over that part of the sidewalk which apparently had been installed by the school to facilitate entrance to and egress from the school building. Within the framework of our former decisions (*supra*), it seems apparent from the present record that where the claimant fell and was injured could properly be found to be within the "precincts" of her employment. Decision reversed, and matter remitted for further proceedings, with costs to appellant. Gibson, P. J., Reynolds and Staley, Jr., JJ., concur; Taylor, J., not voting.