480 P.2d 915

**Richard KERN, Claimant-Appellant,**

v.

**Larry SHARK, Employer, and United States Fidelity and Guaranty Company, Surety, Defendants-Respondents,**

and

**John (Pat) Peterson, Employer and State Insurance Fund, Surety, Defendants.**

**No. 10652.**

Supreme Court of Idaho.

Feb. 10, 1971.

Hepworth, Walker, Nungester & Felton, Buhl, for appellant.

Ben Peterson, Pocatello, for respondents.

SHEPARD, Justice.

This case involves a claim for workmen's compensation by a part time farm laborer against two former employers and

their sureties. At the hearing before the Industrial Accident Board the former employer Peterson moved to dismiss the claim, which motion was granted and no appeal was taken therefrom. At the hearing the Board held as to former employer Shark that claimant had not sustained the burden of proving the cause of the injury and further that claimant had failed to give the required statutory notice of injury. We affirm the action of the Industrial Accident Board.

At the times pertinent to this action claimant was a high school student and worked for local farmers on a part time basis in the spring and a full time basis during the summer vacation months. In the summer of 1966, claimant was employed as a truck driver by Peterson and his work consisted primarily of lifting hay bales onto trucks, stacking them and truck driving. During that summer claimant complained of back pain but this apparently diminished during the summer months and disappeared when claimant entered his senior year of high school that fall. Claimant tried out for the track team in high jumping and pole vaulting during that year.

In 1967, claimant began to haul and stack hay for defendant Shark on a part time basis. On April 1, 1967, claimant was standing on a platform on top of the cab of a truck when a board gave way and he fell to the ground. He sustained a severely sprained ankle and immediately thereafter ceased work and went to his family doctor. Shark was advised of the accident and a notice of injury and claim for compensation was filed thereafter. That notice and claim referred only to a sprained ankle and showed a work loss of one week. The diagnosis by the family doctor was "hematoma and sprain of the left foot." The file was examined and retired by the Industrial Accident Board on June 20, 1967.

Claimant returned to work on April 8, 1967 and shortly thereafter began to notice back pains, but such appeared to be related to sitting for extended periods rather than lifting or working. During the early summer of 1967, a long automobile trip produced a large amount of discomfort and back pain for claimant. Claimant, however, continued to work the entire summer of 1967, often working ten hours per day and six days per week. In August, claimant quit work because of the approach of school and also because of back pain. On August 17, claimant visited a chiropractor and a claim was submitted to the Industrial Accident Board describing the injury as "lumbo-sacral strain" and expressing the opinion that there was no permanent injury. X-rays revealed no injury and the chiropractor and another doctor were paid.

Claimant entered the University of Idaho the fall of 1967 and experienced back pain and increasing loss of strength in one leg. On November 21, 1967, claimant was flown to Boise and a myelogram was performed which revealed a complete block in the lumbo-sacral area of the spine. On November 24, 1967, a laminectomy removed a disc protrusion from the spine. He was released from the hospital on November 29, 1967.

On December 5, 1967, claimant's family doctor prepared a report which stated "Reopen claim of 4-1-67—Patient also injured back in this fall off hay truck." A claim was submitted against Peterson and Shark covering the costs of the operation, transportation from Moscow, and the costs of the family doctor.

At the hearing before the Industrial Accident Board defendant Peterson moved to dismiss the claim as to him and his insurer because there was no showing of any injury in 1966 for which compensation could be awarded. That motion was granted by the Board and no appeal was taken therefrom.

The Board also held that as to defendant Shark, claimant had not sustained the burden of proving by a preponderance of the evidence that his injury had been caused by the April 1, 1967 accident. The Board further found that claimant had failed to

advise the defendant of any back problems as is required by statute. Claimant assigns error in these findings of the Industrial Accident Board and particularly urges that he met the notice requirements of I.C. § 72–402. We do not reach this argument as to notice since the case must be disposed of on other grounds.

I.C. § 72–201 provides in pertinent part:

"If a workman receives personal injury *caused by an accident arising out of and in the course of* any employment covered by the Workmen's Compensation Law his employer or the surety shall pay compensation * * *.

" 'Accident,' as used in this law, means an unexpected, undesigned, and unlooked for mishap, or untoward event, happening suddenly and connected with the industry in which it occurs, and *which can be definitely located as to time when and place where it occurred,* causing an injury * * *." (Emphasis added)

A claimant in a workmen's compensation cause has the burden of proving compensable disablement, caused by an accident arising out of and in the course of his employment. His proof must establish a "probable, not merely a possible, connection between cause and effect to support his contention that he suffered a compensable accident." Davenport v. Big Tom Breeder Farms, Inc., 85 Idaho 604, 609, 382 P.2d 762, 764 (1963); Davis v. Schmidt Bros., Inc., 92 Idaho 312, 442 P.2d 448 (1968); Tipton v. Jansson, 91 Idaho 904, 435 P.2d 244 (1967). The Industrial Accident Board in the case at bar held that this burden of proof had not been met.

In a proceeding under the workmen's compensation law, if the Industrial Accident Board's findings are supported by substantial competent evidence, they will not be disturbed. Flasche v. Bunker Hill Company, 83 Idaho 420, 427, 363 P.2d 1024 (1961); Profitt v. DeAtley-Overman, Inc., 86 Idaho 207, 384 P.2d 473 (1963); In re McDaniel, 84 Idaho 7, 367 P.2d 302 (1961).

The question presented herein may be somewhat more difficult since the finding of the Board was essentially a negative one, to-wit: that there was an absence of relationship. After a review of the evidence presented in the record, we conclude that the determination of the Board must be sustained. The record presents no testimony which shows or could show more than a theoretical relationship between the accident and the injury of which claimant now complains. Claimant was sustaining back pain in the course of doing very heavy physical labor in 1966. Claimant also contended he was sustaining back pain during the summer of 1967 and that this is one of the alleged reasons he quit work in August, 1967. There is a complete lack of any showing that the probabilities militated in favor of the conclusion that the sprained ankle accident in the spring of 1967 produced the consequences from which claimant suffered in November, 1967. It is, of course, possible that the accident caused or contributed. It is also possible that the claimant's hard physical labor during the year 1966 caused or contributed. It is also possible that the claimant's hard physical labor at ten hours a day for six days a week following the ankle sprain produced the disablement. The evidence presented in the case at bar produced only a tenuous and possible linkage rather than a strong and probable linkage between accident and injury as is required. Claimant not having met his burden of proof, the decision of the Industrial Accident Board must be upheld and as aforesaid, it is unnecessary for us to pass on the merits of the arguments presented by both appellant and respondents on the question of notice. The decision is affirmed. Costs to respondents.

McQUADE, C. J., and McFADDEN, DONALDSON and SPEAR, JJ., concur.