489 P.2d 1320

Lester V. HARRIS, Plaintiff-Appellant,

v.

The WILLIAM J. BURNS INTERNATION-
AL DETECTIVE AGENCY, INC., and Aet-
na Casualty and Surety Company, Defend-
ants-Respondents.

No. 10707.

Supreme Court of Idaho.

Oct. 20, 1971.

John W. Gunn, Caldwell, McClenahan &
Greenfield, Boise, for appellant.

Coughlan, Imhoff, Christensen & Lynch,
Boise, for respondents.

SHEPARD, Justice.

This appeal arises from an order of the
Industrial Accident Board denying benefits
to the claimant on the grounds that he had
not suffered a personal injury by accident
arising out of and in the course of his
employment.

Employer William Burns Detective
Agency (hereinafter Burns) maintained
security force guards in connection with
certain dam construction being then under-
taken by Morrison-Knudsen Company. A
security guard station was maintained by
Burns on a road approximately ten miles
from the actual dam construction in an
area owned by Morrison-Knudsen Com-
pany. At that station all vehicles seeking
to enter the area were stopped and exam-
ined to assure that only authorized person-
nel and vehicles entered the construction
area. Claimant was an employee of Burns.

and worked at the aforesaid guard station but lived in a nearby trailer camp. There is no showing that there was any employer-employee, or indeed any other, relationship between claimant and Morrison-Knudsen Company.

In traveling to and from work, the security guards who lived in the trailer camp had two alternatives: they could walk the relatively short distance on a road or they could take a shorter route which involved a short board stairway down an embankment from the guard station and a path which ultimately led to the trailer camp. Both routes were generally used by the security guards.

On the night of July 27, 1967, claimant terminated work at the guard station at midnight and returned to the trailer camp. He descended the short board stairway and started along the path. During the course of his walk down the path, he stepped on a small round stone and fell, suffering certain injuries to his back, hip and groin. There is no showing that the board stairway or indeed the path presented any particular or peculiar danger or hazard.

■ It is a general rule that an accident does not arise out of and in the course of employment within the meaning of the Workman's Compensation law when it occurs while the employee is on his way to work and before he reaches the premises of his employer or when he is on his way home and has left the premises of his employer. Jaynes v. Potlatch Forests, 75 Idaho 297, 271 P.2d 1016, 50 A.L.R.2d 356 (1954); Eriksen v. Nez Perce County, 72 Idaho 1, 235 P.2d 736 (1951).

Appellant contends that the board stairway was constructed by Morrison-Knudsen Company at the request of Burns. There is, however, no showing that the staircase, even if it be assumed to have been under the control of Burns, contributed any particular or peculiar hazard or indeed contributed to the accident. There is a complete lack of any showing that Burns had any connection with or control over the path being traversed by appellant at the time of the accident.

■■ Appellant contends that the holding of *Jaynes* is not applicable in the case at bar since in *Jaynes* the court also adopted the "peculiar risk" doctrine and it is upon that doctrine that claimant relies. *Jaynes* states:

"It will be noted in most jurisdictions an exception to the general rule has extended the principle to embrace an accident as arising out of and in the course of employment when it occurs at a point where the employee is within range of *dangers peculiarly associated with the employment*. In this respect it is reasoned that such injury can be seen to have *followed as a natural incident to the work* and as the result of peculiar exposure occasioned by the nature of the employment because the *causative danger is peculiar to the employment and not common to the neighborhood. Under this rule it is not intended to nor does it protect an employee against all the hazards, perils and dangers on his journey from home to work and from work back to his home.*

"A vast majority of the state courts, as well as the United States Supreme Court, have consistently declared and adhered to the doctrine that where an employee has been subjected to a peculiar risk, such as crossing railroad tracks * * * there is *such an obvious causal relation between the work and the hazard* that the course of employment concept must be expanded to cover such employees, otherwise an injustice in the denial of compensation for an injury caused by the employment would result; it is a recognition of the causal connection between the conditions under which an employee must approach and leave the premises of the employer and the occurrence of the injury; it recognizes that the employment involves *peculiar and abnormal exposure* to a common peril which annexes itself as *a risk incident to and inseparable from the employment*; it is not necessar-

ily based upon nearness to the plant nor upon reasonable distance therefrom or even identifying the surrounding area as an integral part of the premises for all practical purposes but upon a causal relationship between the work and the hazard." 75 Idaho 297, 301–302, 271 P. 2d 1016, 1018. (Emphasis added)

Viewing the facts of the case at bar in light of the standards set forth by *Jaynes* it is apparent that there was no showing herein that the risk which occasioned the accident to the claimant herein was peculiar to his employment. Claimant has the burden of showing that the risk was indeed peculiar to the employment and as herein stated that burden has not been sustained.

As also stated in *Jaynes* and reiterated in Spanbauer v. Peter Kiewit Sons' Company, 93 Idaho 509, 465 P.2d 633 (1970):

"* * * this Court was also careful to state that the exception propounded in that case [Jaynes] was not intended to cover all possible accidents, but only instances where there was a very real and special danger, and that it did not protect an employee against all hazards on his journeys from home to work and from work back to his home."

The order of the Industrial Accident Board is affirmed. Costs to respondents.

McQUADE, C. J., and DONALDSON, J., concur.

McFADDEN, Justice (dissenting).

The opinion announced by the Court today adopts too narrow a construction of the Idaho Workmen's Compensation Act. The factual situation of the accident here in question, in my opinion, justifies the conclusion that the claimant was injured in the course of his employment and is therefore entitled to receive compensation.

At the outset, I note that a majority of the board members did not hear this case, and hence the board's findings of fact are not binding on this court. Phipps v. Boise Street Car Co., 61 Idaho 740, 107 P.2d 148 (1940). There is no dispute concerning facts of the fall by the claimant. Upon leaving his work shift he walked from the guard post to his trailer. Conceptually, this situation falls within the "going to and coming from work" rule. That rule generally means that "* * * an accident does not arise out of and in the course of employment within the meaning of the Workmen's Compensation Law when it occurs when the employee is on his way to work and before he reaches the *premises* of the employer, or when he is on his way home and has left the employer's *premises*. (citation)." (Emphasis added.) Eriksen v. Nez Perce County, 72 Idaho 1, 4, 235 P. 2d 736, 737 (1951). Larson, The Law of Workmen's Compensation, Volume 1, § 15.-00, p. 195 (1968).

There are significant exceptions to this rule, well recognized in Idaho. The particular exception applicable here is that compensation may be ordered where the employee is injured while going to or coming from his place of work along the customary entrance or exit route. This exception described in Eriksen v. Nez Perce County, *supra*, is as follows:

"Among the exceptions to the general rule will be found incidents where the employee is on the employer's premises in the vicinity of the actual situs of his employment; * * * where traversing the only means of ingress or egress, whether furnished by the employer or by some other party and used with the knowledge and consent of the employer * * *." 72 Idaho at 4, 235 P.2d at 737–738.

The United States Supreme Court in Bountiful Brick Co. v. Giles, 276 U.S. 154, 48 S.Ct. 221, 72 L.Ed. 507 (1928), stated the exception in this manner:

"* * * And employment includes not only the actual doing of the work, but a reasonable margin of time and space necessary to be used in passing to and from the place where the work is to be done. If the employee be injured while passing, with the express or implied consent of the employer, to or from

his work by a way over the employer's premises, or over those of another in such proximity and relation as to be in practical effect a part of the employer's premises, the injury is one arising out of and in the course of the employment as much as though it had happened while the employee was engaged in his work at the place of its performance. In other words, the employment may begin in point of time before the work is entered upon and in point of space before the place where the work is to be done is reached. Probably, as a general rule, employment may be said to begin when the employee reaches the entrance to the employer's premises where the work is to be done; but it is clear that in some cases the rule extends to include adjacent premises used by the employee as means of ingress and egress with the express or implied consent of the employer. (citations)." *276 U.S. at 158, 48 S.Ct. at 222, 72 L.Ed. at 509.*

See also, Schneider's Workmen's Compensation (3d ed.), Vol. 8, § 1710, pp. 7–8, note 6, and § 1712(b), p. 37.[1]

The facts here seem to neatly fit the above defined exception. The guard office generally was Harris' work station. The record shows the path and stairway leading up the embankment from the trailer court was used by the guards. Further, the wooden stairway was constructed by the contractor at the request of Burns and the trailer space was furnished without cost to the guards. Considering the proximity to the guard post, the users of the path, and the employer's evident approval of its use, the actual ownership of the land over which the path ran is immaterial. The path was only used by the employee guards and not by the public. The logical conclusion would be that the path and steps connecting the trailer court and the road by the watchman's post was the usual means of ingress and egress; it was either just adjacent to, or, was located on, the "premises" of the employer.

The Court's reliance on *Jaynes v. Potlatch Forests*, 75 Idaho 297, 271 P.2d 1016 (1954), to deny recovery here is both philosophically and factually misplaced. *Jaynes* and numerous similar cases (see Annot. 50 A.L.R.2d 363) involve employees who are struck by trains at rail crossings adjacent to the place of work which cross the access routes used by employees. These train cases carved out a large exception to the premises doctrine. However, it must be understood that train accidents have been a traget of the tort law and of statutory regulation. As a matter of long experience courts and legislatures know people are frequently seriously injured by the operation of heavy railroad equipment. See Larson, *supra,* § 15.13, p. 202.

Clearly, the case at hand does not involve the level of danger inherent in the railroad cases. However, traversing a sloping, rocky path at night when there is only partial illumination involves a risk which cannot be lightly dismissed. When considering the exception to the "going and coming" or "premises" rule the tribunal must consider whether there was some existing or recognizable risk to which the employee was especially exposed. Realistically, the better reasoned cases have required the employer to pay compensation when there is an unsafe condition existing outside his doorstep which his employees customar-

1. § 1712(b) reads in part: "Another exception to the general rule is recognized '* * * where the injury takes place before or after working hours outside of, but within close proximity to, the premises of the master, and results from a hazard to which the employee, by reason of his employment, when considered in connection with the situation of his employer's premises, is subjected to a greater risk than the public generally. For this exception to be invoked, the means of customary ingress and egress to and from the master's premises must be such as to compel the employee to submit by reason of his employment, to greater hazards than the public in general, although such risks may exist, in some measure, with respect to the general public.' "

ily or necessarily negotiate in order to arrive on the premises.[2] Call it fairness or a liberal application of the statutory scheme, the result is a burden on the employer.

This situation is analogous to either those cases where employees are injured on adjacent sidewalks or driveways, or where employees are injured in a passageway within a building where the employer is located and is a tenant.

Smith v. Klarer Company, 405 S.W.2d 736 (Ky.1966), is illustrative. The employee fell and suffered injury when she tripped on a defective sidewalk in front of her employer's plant. The location was some 80 yards from the plant entrance. The route to work necessarily involved traversing the sidewalk. In ordering compensation the Kentucky Court of Appeals stated the employees used the sidewalk more than the general public and therefore the risk was peculiar to the employment. Further, the employer controlled the sidewalk and could have kept it in good repair. Somewhat similar cases are Proctor-Silex Corp. v. DeBrick, 253 Md. 477, 252 A.2d 800 (1969); Olivo v. City School Dist., 26 A.D.2d 868, 273 N.Y.S.2d 966 (1966); and Brennan v. Keller, 15 Ohio App.2d 79, 239 N.E.2d 97 (1968).

Starr Piano Co. v. Industrial Accident Commission, 181 Cal. 433, 184 P. 860 (1919, 2 justices dissenting), allowed compensation where the employee was hurt inside a building where his employer was a tenant and maintained offices. Despite the fact the employee was injured in an elevator maintained by the building owner for use by all the tenants, the California Supreme Court ordered compensation. The employee was viewed as trying to reach his place of work via the legitimate and authorized route. The elevator, according to the decision, was in effect provided by the employer. Greydanus v. Industrial Accident Commission,

63 Cal.2d 490, 47 Cal.Rptr. 384, 407 P.2d 296 (Cal.1965), allowed compensation to an employee injured in an auto collision just as he was completing his turn off the highway into the employer's driveway. The risk in turning off the public street was sufficient basis to sustain liability.

Of course there are cases reaching opposite conclusions. In the appeal here, however, the factual setting is persuasive. Harris was descending the path to the public trailer court moments after his shift was over. He was thrown off balance along the path and fell. The arguments concerning ownership of the path and premises where the work duties were performed lack sufficient weight to result in the denial of compensation. It is my conclusion that the ruling of the board should be reversed.

SPEAR, J., concurs herein.

---

2. Some cases have employed the term "operating premises" to label this form of analysis. See Young v. Hamilton Watch