524 P.2d 161

**Bea L. MOYER, Guardian of the Estate of Alfred Charles Williams, aka Richard H. Moyer, Appellant,**

v.

**BONNEVILLE COUNTY, Employer, and State Insurance Fund, Surety, Respondents.**

**No. 11450.**

Supreme Court of Idaho.

July 10, 1974.

————◆————

Franklin N. Smith, Jr., of Sharp, Anderson & Bush, Idaho Falls, for appellant.

Paul S. Boyd, Boise, for respondents.

McQUADE, Justice.

This action involves a claim for workman's compensation benefits arising out of a motorcycle accident. The claimant-appellant, Richard H. Moyer, was a juvenile probation officer employed by Bonneville County and the magistrate's court of Bonneville County. His employment consisted of the supervision and counseling of persons under age 18 who had been placed on probation by the magistrate's court in juvenile proceedings. In connection with his duties, he organized outings and camping trips for groups of probationers under his supervision. These outings were conducted with the permission of the magistrate's court. The court expected Moyer to be familiar with the areas in which the excursions took place.

Moyer had planned to take a group of probationers on a camping trip on Monday, June 19, 1973. On Sunday, June 18, 1973, Moyer and an acquaintance spent part of the day testing and tuning the acquaintance's motorcycle, and then they left Idaho Falls each riding a motorcycle, proceeding northward. After passing through the town of Ucon, the travelling became hazardous due to windy conditions, and they turned around and headed back toward Idaho Falls. After traveling a short distance, Moyer's motorcycle was apparently caught by a gust of wind and he was thrown from the road sustaining serious head injuries. Moyer is now incapacitated.

Bea L. Moyer, as guardian of Richard H. Moyer, filed a claim for compensation with the Industrial Commission. A hearing was conducted before the Industrial Commission, and the Industrial Commission entered findings of fact, conclusions of law and order that held Moyer was not entitled to benefits under the Workman's Compensation Law. An appeal was filed with this court.

In order for the Industrial Commission to award compensation, the claimant had to establish that the accident occurred in the course of his employment.[1] The Indus-

1. I.C. §§ 72-201; 72-203; Harris v. William J. Burns International Detective Agency, Inc., 94 Idaho 440, 489 P.2d 1320 (1971); Wilson v. Carl Gilb, Inc., 94 Idaho 106, 482 P.2d 81 (1971); Kern v. Shark, 94 Idaho 69, 480 P.2d 915 (1971).

**34**

trial Commission made the following findings:

"There is also testimony by Louis Gustin, who was accompanying Moyer when he was injured, that the purpose of the motorcycle trip at the time of the accident was to visit a possible camping site at Mud Lake. It was Gustin's understanding that the trip planned by Moyer for the following week was to the Mud Lake area. However, other evidence, including the permission given by Judge Black for the camping trip, indicates that the trip was to be made to the Pahsimeroi Valley, which is some distance from Mud Lake (See Exhibit No. 3). The Commission concludes that this evidence fails to show a sufficient connection between Mud Lake and the proposed camping trip which Moyer was autorized to undertake."

Moyer contends that the Industrial Commission's findings are not supported by substantial evidence, and that the order of the Industrial Commission is contrary to law. This Court's review of factual findings by the Industrial Commission is limited to a determination of whether the findings are supported by substantial and competent evidence.[2] This Court is limited to questions of law in workman's compensation appeals.[3] A review of the record reveals that there is substantial and competent evidence to support the Industrial Commission's findings of fact. It must be concluded that the Industrial Commission did not err in holding that Moyer was not acting within the course of his employment at the time of the accident.

The Industrial Commission's order denying compensation is affirmed.

Costs to respondents.

SHEPARD, C. J., and DONALDSON, McFADDEN, and BAKES, JJ., concur.

---

2. Facer v. E. R. Steed Equipment Company, 95 Idaho 608, 514 P.2d 841 (1973); In re Haynes, 95 Idaho 490, 511 P.2d 309 (1973); Bottoms v. Pioneer Irrigation District, 95 Idaho 487, 511 P.2d 304 (1973).

3. Idaho Const. art. V § 9; Madron v. Green Giant Company, 94 Idaho 747, 497 P.2d 1048 (1972); Bennett v. Bunker Hill Company, 88 Idaho 300, 399 P.2d 270 (1965).