540 P.2d 294

Irvin ELLIS, Claimant-Appellant,

v.

DRAVO CORPORATION, d/b/a Dworshak Dam Constructors, Employer, and Argonaut Northwest Insurance Company, Surety, Defendants-Respondents.

No. 11779.

Supreme Court of Idaho.

Sept. 8, 1975.

Wynne M. Blake of Blake & Feeney, Lewiston, for claimant-appellant.

John W. Barrett, of Moffatt, Thomas, Barrett & Blanton, Boise, for defendants-respondents.

McQUADE, Chief Justice.

This is an appeal from an order of the Industrial Commission of the State of Idaho which denied the claim of Irvin E. Ellis, claimant-appellant (hereinafter claimant) for a 33⅓% permanent partial disability rating growing out of an alleged impairment to his liver which he claimed was a result of serum hepatitis incurred while surgery was performed to correct an employment related injury. We affirm the order of the Industrial Commission.

Claimant was employed as a carpenter's helper for Dravo Corporation, d/b/a Dworshak Dam Constructors on March 7, 1969, when he slipped while working on a ladder and fell, injuring his back. He was placed under the care of R. C. Colburn, an orthopedic surgeon, who diagnosed his injury as an aggravation of a pre-existing condition. Claimant remained under Dr. Colburn's care until he was released to return to work on October 6, 1969. At that time Dr. Colburn rendered a rating of permanent partial disability rating. This is not at issue in this appeal.

Claimant entered into a compensation agreement with defendants-respondents surety, Argonaut Northwest Insurance (hereinafter Argonaut) which was duly

approved by the Industrial Commission on November 25, 1969. Under the terms of this agreement claimant received temporary total disability compensation at the weekly rate of $53.00 for a total of $1,370.-43; permanent partial disability compensation totaling $2,220.00 and medical expenses in the amount of $121.85. Claimant admitted receiving full payment under this agreement.

In April of 1972, claimant complained of continuing low back pain, and as a result was again examined by Dr. Colburn. Dr. Colburn wrote to Argonaut with a copy to the Industrial Commission, apprising them of claimant's desire to have an operation to relieve the pain in his back, and for purpose of the proposed surgery, and thus to reopen his claim. Surgery was performed on June 2, 1972, upon claimant's low back by way of laminectomy and fusion by Dr. Colburn. Claimant continued to remain under Dr. Colburn's care until July 1, 1973, when he was released for regular work with a permanent partial disability impairment of 15% of the whole man which included the prior permanent partial disability previously awarded to the claimant in 1969. The Industrial Commission found that during the course of surgery and hospitalization in June of 1972, as a result of transfusion of blood, claimant incurred serum hepatitis, for which he was treated by Dr. James Klein, a physician and surgeon of Clarkston, Washington, from September of 1972 through June of 1973.

On July 5, 1973, Argonaut tendered a compensation agreement to claimant. Claimant refused to accept this agreement, and instead filed an Application for Hearing Form with the Industrial Commission. Claimant alleged in his application that:

" . . . by reason of permanent liver damage resulting from hepatitis incurred as a result of the surgery made necessary by his injury suffered while employed by DDC (Dworshak Dam Constructors) [he] is unable to be gainfully employed and is totally disabled."

Argonaut in its answer denied that claimant suffered permanent liver damage, contending instead that claimant was surgically healed and able to return to work on July 1, 1973.

A hearing was held before the Industrial Commission on September 6, 1973. At this hearing Dr. Klein testified that in his opinion by reason of permanent liver damage resulting from the hepatitis suffered when claimant was having surgery on his back, claimant had a permanent partial disability of 33⅓%. The Industrial Commission also had before it the testimony of Dr. Arch H. Logan, a specialist in internal medicine, hired by Argonaut who testified by a deposition that in his opinion there was no permanent impairment or disability to the liver based upon his examination and the tests he performed. The Industrial Commission resolved the conflict in his testimony against the claimant. It concluded that there were no objective findings to substantiate permanent disability or impairment resulting from the hepatitis condition reflected in the testimony of Dr. Klein or Dr. Crismon (a consultant who examined claimant at Klein's request). Therefore, as claimant had failed to sustain his burden of proof by a preponderance of the evidence that there was permanent partial disability due to the hepatitis condition, the Industrial Commission found that claimant was not entitled to permanent partial disability for the hepatitis condition and/or the alleged permanent damage to his liver. The Industrial Commission also found that claimant had received all of the temporary total disability compensation and permanent partial disability compensation to which he was entitled, except for the sum of $444.42 which was still due. It is from this order that this appeal has been taken.

Claimant makes four assignments of error which can be summarized into one major contention: the Industrial Commission erred in finding that he had failed to prove by a preponderance of the evidence that he had sustained permanent liv-

er damage which rendered him permanently and partially disabled to the extent of 33⅓% of the whole man. We are unable to agree with claimant's contention.

 This Court is controlled by well settled principles of appellate review when reviewing orders of the Industrial Commission of this state. A concise synopsis of the limits of our appellate review of proceedings before the Industrial Commission was set forth in the case of *Madron v. Green Giant Company,*[1]

"In workmen's compensation appeals this court is limited in its study to questions of law. Idaho Constitution, Art. V, § 9. I.C. §§ 72–608, 72–609 (repealed effective January 1, 1972).[2] E. g., *Wilson v. Carl Gilb, Inc., supra; Bennett v. Bunker Hill Co.,* 88 Idaho 300, 399 P.2d 270 (1965). When, as in the case at bar, factual findings of the board are challenged on appeal, our investigation is restricted to a determination of whether the findings are supported by substantial and competent evidence. *Duerock v. Acarregui,* 87 Idaho 24, 390 P.2d 55 (1964); *Walker v. Hogue,* 67 Idaho 484, 185 P.2d 708 (1947). Findings of fact of the board will be sustained on appeal if supported by substantial competent evidence. E. g., *Kern v. Shark,* 94 Idaho 69, 480 P.2d 915 (1971); *Johnson v. Boise Cascade Corp.,* 93 Idaho 107, 456 P.2d 751 (1969)."

 In a proceeding before the Industrial Commission, a claimant has the burden of proving by a preponderance of the evidence, all the facts essential to his recovery.[3] The Industrial Commission determined that claimant failed to satisfy this burden in this case. A review of the record indicates that there was substantial competent though conflicting evidence to sustain the Commission's finding. The de-

cision of the Industrial Commission is therefore *affirmed.*

Costs to respondent.

McFADDEN and DONALDSON, JJ., concur.

BAKES, Justice (dissenting):

I would remand this matter to the Industrial Commission for further findings. The two critical findings of fact which were necessary for the proper resolution of this case were: (1) did the claimant suffer any permanent injury to his liver; and (2) if so, did that permanent injury result in any permanent impairment or disability to the workman within the meaning of the workmen's compensation act? There was substantial, competent medical testimony introduced on behalf of the claimant and the employer on those two issues. However, the Industrial Commission did not resolve those factual issues. It merely found that the claimant did not sustain his burden of proof, which is not a finding of fact at all but a conclusion of law.

If the claimant had presented no expert medical testimony concerning any impairment to his liver as a result of the hepatitis, then the Commission would be correct in concluding that he had failed to sustain his burden of proof and would be justified in denying his claim on that ground. *See Dean v. Dravo Corp.,* 95 Idaho 558, 511 P.2d 1334 (1973). However, when the claimant introduced competent medical testimony that he had suffered a permanent partial disability of 33% as a result of injury to his liver from the serum hepatitis caused by the surgery, and that testimony is then contradicted by a medical expert for the employer who denies that there is such permanent injury to the liver, it is the obligation of the Industrial Commission to resolve the factual dispute and determine

---

1. 94 Idaho 747, 749, 497 P.2d 1048, 1050 (1972).

2. *See* I.C. §§ 72–724, 72–732.

3. *Wilson v. Carl Gilb, Inc.,* 94 Idaho 106, 482 P.2d 81 (1971); *Tipton v. Jansson,* 91 Idaho 904, 435 P.2d 244 (1967); 12 W. Schneider's Workmen's Compensation, § 2527 at 279 (3rd ed. 1959).

whether there was or was not permanent injury to the liver causing disability. The practice of avoiding those difficult factual determinations by concluding that one party or the other has not met its burden of proof does not satisfy the Commission's constitutional and statutory obligation to find the facts from the evidence presented. It may be easier to tell a claimant that he has failed to meet his burden of proof, rather than to tell him that he has not sustained the injury that he claims. However, it is the Commission's duty under the law to resolve the factual disputes and find the facts.

I would reverse the order of the Industrial Commission and remand the cause to it to make the factual determination of whether or not the claimant was disabled as a result of injury to his liver resulting from the serum hepatitis contracted in the course of an operation necessitated by the industrial accident.

SHEPARD, J., concurs.