THOMAS, Judge,
concurring in the judgment but dissenting from the rationale in part.
I agree that the trial court correctly calculated the mother’s child-support obli *1257 gation. I concur in the judgment affirming the trial court’s child-custody-modification order, but I dissent from the rationale of the main opinion in part because I believe that the mother failed to preserve for appellate review any issue regarding the sufficiency or weight of the evidence.
On appeal, the mother argues that the father failed to present sufficient evidence to satisfy the standard for modifying custody announced in Ex parte McLendon, 455 So.2d 863 (Ala.1984), or, in the alternative, that the trial court’s determination that the father “has met his burden of proof under the McLendon standard” was opposed to the great weight of the evidence. In New Properties, L.L.C. v. Stewart, 905 So.2d 797 (Ala.2004), the Alabama Supreme Court held that “in a nonjury case in which the trial court makes no specific findings of fact, a party must move for a new trial or otherwise properly raise before the trial court the question relating to the sufficiency or weight of the evidence in order to preserve that question for appellate review.” 905 So.2d at 801-02 (emphasis added).
The main opinion holds that New Properties is inapplicable and, therefore, that no postjudgment motion challenging the sufficiency or weight of the evidence was necessary in this case because, it concludes, the trial court did make specific findings of fact with respect to whether the father met his burden of proof under the McLendon standard. According to the main opinion, those findings of fact were (1) that the mother’s testimony was not credible; (2) that both parties committed domestic violence during the marriage but that any presumptions against either party arising from the domestic-violence statutes cancel each other out; and
(3) “that there has been a material and substantial change of circumstances since the final [divorce judgment], and that the positive good brought about by a change of custody will more than offset any disruptive effect caused by the change in custody. The Court thus finds that the [father] has met his burden of proof under the McLendon standard.”
Items (1) and (2) do constitute “findings of fact,” but neither is responsive to the sufficiency issue that the mother raises on appeal. Accordingly, items (1) and (2) are not “specific findings of fact” within the meaning of New Properties. See Weeks v. Herlong, 951 So.2d 670 (Ala.2006). In Weeks, the supreme court held that, although the trial court had issued no written findings of fact, its statements from the bench at the conclusion of the trial adequately set out the factual basis for its judgment and thus satisfied the purpose of the New Properties rule: “to allow the parties and the appellate court to understand the [factual] basis of the trial court’s order.” 951 So.2d at 678. Compare Peterson v. State, 842 So.2d 734, 736 (Ala. Crim.App.2001) (when, in response to appellate court’s remand order instructing trial court to “make specific findings of fact regarding the appellant’s double jeopardy claim,” the trial court issued a conclu-sory statement indicating that the double-jeopardy claim was without merit, the appellate court could neither determine the factual basis for the trial court’s ruling nor decide the issue presented on appeal, and, accordingly, the appellate court issued a second remand order to the trial court).
In the present case, the trial court’s finding that the mother’s testimony was not credible simply does not allow the parties or this court to understand the basis of the trial court’s order concluding that the father had satisfied his burden of proof under McLendon. No matter how unbelievable the trial court may have found the mother’s testimony, the father’s *1258 evidentiary burden remained the same. The father was required to establish that “ ‘[t]he positive good brought about by the modification [would] more than offset the inherently disruptive effect caused by uprooting the child.’ ” Ex parte McLendon, 455 So.2d at 865 (quoting Wood v. Wood, 333 So.2d 826, 828 (Ala.Civ.App. 1976)). The mother’s lack of credibility could not satisfy the father’s evidentiary burden. Compare Ex parte Williams, 780 So.2d 673, 675 (Ala.2000) (stating that “doubts about the [criminal] defendant’s credibility cannot satisfy the burden that is, by law, on the State to prove that the [defendant’s] confession was voluntary”).
Nor does the trial court’s finding that both parties had committed domestic violence during the marriage but that any presumptions against either party arising from the domestic-violence statutes cancel each other out allow us to understand the basis for the trial court’s determination that the father had satisfied the McLen-don standard. The trial court found that both parties had committed domestic violence “during the marriage.” The court did not determine whether either party had committed domestic violence “since the last custody determination.” Section 30-3-134, Ala.Code 1975, provides:
“In every proceeding in which there is at issue the modification of an order for custody or visitation of a child, a finding that domestic or family violence has occurred since the last custody determination constitutes a finding of change in circumstances.”
(Emphasis added.) Because the trial court’s domestic-violence finding addresses only what occurred “during the marriage,” it cannot be construed to be a factual underpinning for the legal conclusion that the father met his burden of proof with respect to a change of circumstances “since the last custody determination.” Moreover, because the trial court determined that the domestic-violence issue was a “wash,” the domestic-violence finding could not have figured into its McLendon calculus. A neutral factor does not, by definition, contribute causally to a legal conclusion. See, e.g., Small v. United States, 544 U.S. 385, 393, 125 S.Ct. 1752, 161 L.Ed.2d 651 (stating that “those who use legislative history to help discern congressional intent [with respect to the meaning of the phrase ‘convicted in any court’ in a federal felon-in-possession-of-firearm statute] will see the history here as silent, hence a neutral factor, that simply confirms the obvious, namely, that Congress did not consider the issue [whether a foreign conviction could serve as the predicate offense]”).
Item (3) — which is a mere recitation of the McLendon standard and a statement that the father had met his burden of proof under McLendon — is not a finding of fact, but a legal conclusion representing an application of the law to the facts, or a holding — that the party with the burden of proof had satisfied the appropriate eviden-tiary standard and had thus met his burden. The trial court’s legal conclusion that the father met his burden did not set out any of the factual underpinnings for that conclusion.
Reciting the burden of proof that the father was required to meet per McLen-don and “[s]aying that the [father] ha[d] sustained the burden of proof ... is not an adequate finding of the matters of fact involved in that issue .... It is in the nature of a legal conclusion rather than a finding of the underlying facts .... ” United States v. Jefferson Elec. Mfg. Co., 291 U.S. 386, 408-09, 54 S.Ct. 443, 78 L.Ed. 859 (1934). When a trial court’s decision is conclusory and does not detail or analyze the predicate facts upon which it is based, it is not a specific finding of *1259 fact. Cf Jones v. Tyson Foods, Inc., 26 Ark.App. 51, 759 S.W.2d 578 (1988) (holding that Workers’ Compensation Commission did not satisfy its statutory obligation to make “specific findings of fact” by simply declaring in conclusory fashion that claimant failed to meet the burden of proof); Ellis v. Dravo Corp., 97 Idaho 109, 111, 540 P.2d 294, 296 (1975)(statement that claimant did not sustain his burden of proof “is not a finding of fact at all but a conclusion of law”).